## ADAMS v. PUGH et al.

The rule is well settled that the verdict of a jury or the findings of a Court, sitting as jury, will not be disturbed where there is a conflict of testimony.

Where the defendants, partners, employed defendant on an agreement that a portion of his wages should be retained by plaintiffs till a certain sum had accumulated, when plaintiff should be admitted as a partner; and defendants subsequently, but before the sum had accumulated, dissolved partnership: *Held*, that the defendants by their own acts having violated the special contract, by dissolving their copartnership, the plaintiff was at liberty to sue on the special contract for damages, or declare for the value of his work and labor.

The case of Jourdan v. Reynolds affirmed.

APPEAL from the Superior Court of the City of San Francisco.

The defendants, Pugh and Adams, were partners, and employed plaintiff as a journeyman hatter. The plaintiff alleged in his complaint that he had served the defendants eighteen weeks, and that his services were reasonably worth the sum of fifty dollars per week. The defendant Pugh answered, admitting the services, but insisting that plaintiff was only entitled by the agreement between the parties to thirty dollars per week. The defendant Adams made no answer. On the trial before the Court, setting as a jury, it was proven by plaintiff's own witnesses, that he was to receive fifty dollars per week, but was only to draw out thirty dollars per week; the other twenty dollars per week to remain in the hands of the firm until the sum of two thousand dollars should be accumulated, when plaintiff was to be received as an equal partner. Before the surplus wages had accumulated to the amount of two thousand dollars, the partnership was dissolved by the mutual consent of defendants. The Court found the performance of the services, and that they were reasonably worth the sum of fifty dollars per week. The defendant Pugh moved for a new trial, which being denied, he appealed to this Court.

Adams *v.* Pugh.

*Crockett & Page* for Appellants.

That upon the evidence, if the plaintiff was entitled to recover at all it was not for wages earned, but either as a partner for the settlement of a partnership account, or for the refusal of the defendants to perfect an agreement for a partnership.

If the defendants have defeated the arrangement by dissolving said firm, the plaintiff's remedy is by a suit on the special agreement, and not a suit on the ordinary counts for wages. This we consider plain law. If there be a special agreement it must be declared, and an action on the money-counts will not lie.

*James McCabe* for Respondent.

BURNETT, J., after stating the facts, delivered the opinion of the Court—MURRAY, C. J., concurring.

The rule is well settled by repeated decisions of this Court, that the verdict of a jury or the finding of a Court sitting as a jury, will not be disturbed when there is a conflict of testimony. But it is equally well settled that where there is no evidence to sustain a verdict or finding, that it should be set aside and a new trial granted. In this case it was very fully proven that the usual wages of a journeyman hatter were fifty dollars per week, and that plaintiff was an excellent workman. As to the amount of wages the plaintiff was to receive there was a conflict of testimony, and we cannot disturb the finding of the Court. And as to the objection that a special contract was proven, and that, therefore, plaintiff could not recover under this complaint, this Court has held, in the case of Jourdan *v.* Reynolds & Co., that "where the entire performance of a special contract has been prevented by one of the parties, or where its terms have been afterwards varied by the agreement of both parties, the action for the amount due for work and labor, should be in the form of *indebitatus assumpsit*, and not upon the contract." Now, had the plaintiff sued for damages because the defendants had dissolved the partnership, and thus prevented him from prosecuting an advantageous business, then he must have declared upon the special contract. But as he only seeks to recover his wages, when the defendants, by their own act, have violated the agreement and rendered it impossible to perform his part of it, he may elect to sue only for the wages, and may declare simply for work and labor.

Judgment affirmed.