## HOOD v. SMILEY.

BUILDING CONTRACT — ABANDONMENT—EXTRA WORK—EVIDENCE BURDEN OF PROOF—REVIEW OF CONFLICTING TESTIMONY.

1. Where additions are ordered to be made, and are made, to a building which a workman has contracted to furnish for a certain sum, the original contract is held to exist as far as it can be traced to have been followed, and the excess must be paid for according to its reasonable value.

2. It is only where the alterations are so great that it is impossible to follow the original contract that it will be deemed to have been wholly abandoned, so that the contractor can recover upon a quantum meruit.

3. The burden of proof, to avoid the contract, is upon him who claims its abandonment.

4. In case of conflicting testimony the judgment will not be disturbed, in the absence of anything to indicate gross abuse of discretion in the trial court in weighing the testimony.

[Commenced in District Court March 25, 1892—Decided June 6, 1894.]

ERROR to District Court for Carbon County. HON. JESSE KNIGHT, Judge.

This was an action by Thomas H. Hood against Robert A. Smiley to recover an alleged balance due for labor and materials in the construction of a house, outbuildings and fences. There was an original verbal contract fixing a certain price for the house according to certain general plans, consisting of a reference to another house already built, and a rough drawing of elevations. No specifications were prepared. The plaintiff claimed that the plan had been abandoned to such an extent that the contract was not applicable, and sought to recover the reasonable value of his services and materials furnished. The changes were alleged to consist in: adding a cellar; several feet to the dimensions of the house; higher ceilings; change in the inside finish; extra closets; changes in glass for windows; extra doors; change in the arrangement of the rooms. The defendant claimed to have overpaid the plaintiff. Judgment was rendered for the latter for a much less sum than he claimed to be due; and he prosecuted error.

*Potter & Burke,* for plaintiff in error.

Burden of proof as to what the contract embraced was upon the defendant who plead it. If a building plan is abandoned, so that it is impossible to trace the contract, a recovery may be had by measure and value. (Chitty on Cont., 613; 2 Addison Cont., sec. 870.) The plaintiff was entitled to a larger judgment than was awarded him, without any reference to his own testimony.

*Lacey & Van Devanter,* for defendant in error, contended that the contract had not been abandoned, and the judgment was not for a less sum than plaintiff was entitled to.

CLARK, JUSTICE.

This is an action brought in the court below by plaintiff in error in which he sought to recover of defendant in error the sum of $641.00, which he alleged to be due him as balance upon an account for the reasonable value of building materials, labor and services furnished and performed by him to and for defendant at the latter's request, in the erection of a certain dwelling house, barn, out-buildings, fences and side-walks, at Rawlins, in this State.

To plaintiff's petition defendant answered, denying that he was indebted to plaintiff in any sum, and as a further defense and by way of counter claim alleged that the dwelling-house was erected under express contract for a stipulated price, viz.: $1,450.00, and the other improvements upon an agreement on his part to pay the reasonable value thereof, which he alleged to be $886.04, aggregating $2,336.04. That through mistake he had overpaid plaintiff the sum of $238.96, for which sum defendant prayed judgment.

To this answer and counter claim, plaintiff replied, admitting that originally there was an express contract at a stipulated price for the erection of the dwelling-house, but alleging that in the erection of the house, the original plans and specifications were entirely abandoned by the mutual consent of himself and defendant, and that it was agreed between them that he, the plaintiff, should be paid the reasonable value thereof.

A jury being waived, trial was had before the court sitting as a jury: Upon consideration, the court found for the defendant, that plaintiff was indebted to him in the sum of $133.23, and judgment rendered accordingly. A motion for a new trial was filed, and overruled.

The only alleged errors complained of before us are that the damages awarded defendant were excessive and that the finding and judgment of the court are not supported by the evidence. It is not claimed that any error of law occurred at the trial.

It is insisted by counsel for plaintiff in error that inasmuch as he in his petition declared upon a quantum meruit, to

which defendant answered setting up an express contract at a stipulated price, to which answer plaintiff replied, alleging the abandonment of the express contract; the burden of proof rested upon the defendant to establish the express contract, the work which was included therein, the kind of house to be built, etc., and to trace the contract and point out what part of the work shall be measured by it. We cannot assent to this proposition. The plaintiff in his reply admitted the making of the contract, and upon the trial introduced in evidence the plans of the house he had agreed to erect. Under such circumstances the presumption is that the contract continued until something to the contrary was shown. It is the common experience of men that changes and alterations in the original plans and specifications of buildings are the rule, and not the exception, and the legal rule seems to be well established, as stated by counsel for plaintiff in error: "that where "additions are ordered to be made and are made to a building, "which a workman has contracted to furnish for a certain "sum, the original contract is held to exist as far as it can be "traced to have been followed, and the excess must be paid for "according to its reasonable value."

And it is only where the alterations and changes are so great that it is impossible to follow the original contract, that it will be deemed to have been wholly abandoned, so that the contractor can recover upon a quantum meruit. So long as it can be traced, it is binding upon both of the parties, and when once shown to have existed the burden is upon the party who claims its abandonment, and thereby seeks to lay down another measure of the value of the work than that agreed upon by both parties to the contract.

It is, we think, entirely clear from the record that the court did not conclude from the evidence that the original contract had been abandoned, and we are of opinion that this conclusion was entirely authorized by the testimony of plaintiff alone. Upon his cross-examination he seemed to be able to state without difficulty or hesitation the additional cost of the alterations made in the original plan of the building, and hence it would seem necessarily to follow that the original

contract could be traced. As to the reasonable value of the improvements which were not included in the original contract, the evidence was conflicting, and it may be said that if that of plaintiff was to control, the finding should have been in his favor; if on the other hand the court should accept that of the defendant, the finding is right. This was a matter for the trial court to determine in the exercise of its discretion. There is certainly nothing in the record to indicate any such gross abuse of discretion, in weighing the testimony, as would justify us in interfering with the finding.

We have carefully read all the testimony and evidence introduced upon the trial, and are unable to say that the record discloses such error, if any, as would authorize us to reverse the judgment, and hence it must be affirmed, and it is so ordered.

GROESBECK, C. J., and CONAWAY, J., concur.