### PHOENIX FURNITURE CO. v. PUT-IN-BAY HOTEL CO. et al.

(Circuit Court, N. D. Ohio, W. D. February 20, 1895.)

No. 1,088.

1. MECHANICS' LIENS—LABOR OF ARCHITECT IN PREPARING PLANS AND SUPERINTENDING CONSTRUCTION.

A statute giving a lien to a person "who performs labor or furnishes machinery * * * for erecting, altering, repairing or removing of a house, * * * by virtue of a contract," etc. (Laws Ohio 1894, p. 135), includes not merely those performing manual or unskilled labor, but extends to the labor of an architect in preparing plans and specifications, and in superintending construction, where it appears that such plans and specifications were prepared with a view to the particular location where the building was actually erected, and in pursuance of a contract having a substantial financial basis.

2. SAME.

Quaere, whether a lien could be maintained for the plans and specifications disconnected with the labor of superintendence.

3. SAME—PLACE OF FILING LIEN.

Under such circumstances the lien claim is properly filed in the county where the building was erected and the labor of superintendence performed, although most of the labor of preparing the plans and specifications was performed in a different county.

This was a suit by Phoenix Furniture Company against the Put-in-Bay Hotel Company and others to enforce a mechanic's lien.

George H. Beckwith and A. L. Smith, for complainant.

M. G. Bloch and J. K. Hamilton, for E. O. Fallis & Co.

A. P. Crane and W. H. A. Read, for John M. Crocker.

RICKS, District Judge. The journal entry referring this case to a special master is not before me, neither are its terms referred to in the master's report; so I am not sure as to the exact nature of

the order under which the reference was made. But I have no recollection of the court's passing upon any legal questions involved, so that I assume that the case falls within that of Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, and Davis v. Schwartz, 15 Sup. Ct. 239, in so far as the weight to be given to the master's findings of facts is concerned.

There are no serious questions of fact involved in any of the exceptions pressed by counsel for any of the parties. The most important questions are questions of law, and are involved in the claims of E. O. Fallis & Co. and John M. Crocker. Fallis & Co. claim a mechanic's lien for preparing plans and specifications for the building known as the "Hotel Victory," and for the general superintendence of the work of constructing the same. This claim is resisted very earnestly on the following grounds: First. That, under the laws of the state of Ohio, an architect is not entitled to a mechanic's lien, either for preparing plans and specifications for a building, or for the general superintendence of the work of constructing the same. Second. That they failed to comply with the plain requirements of the statute relative to the filing of the same, and insist that inasmuch as the plans and specifications were prepared in Lucas county, Ohio, the lien should not be filed in Ottawa county, Ohio. Third. That no valid contract was ever made between the Put-in-Bay Hotel Company, or its authorized agent, and E. O. Fallis & Co. Fourth. That the work was abandoned in the fall of 1889, and the lien was not filed within four months thereafter. Fifth. The omission to set forth in the lien filed by Fallis & Co. the changes subsequently made in the original plans of the hotel confines such lien to the amount of the original contract. Sixth. The cost of the hotel does not amount to the sum claimed by the defendants Fallis & Co., on which they have computed their lien. Seventh. That Fallis & Co. are estopped from asserting a lien as against the first mortgage.

The mere statement of these several grounds for exception would indicate the facts in dispute, and, in so far as the master has reported upon them, I think they are conclusive, in the absence of anything to show that they are unsupported by the evidence. Upon all these questions of fact the master has found in favor of the defendants E. O. Fallis & Co., to wit: That there was a valid contract between the Put-in-Bay Hotel Company and Fallis & Co.; that the lien was filed within four months after the work was completed; that the cost of the hotel amounts to the sum claimed by the defendants Fallis & Co.; and that there are no questions of fact which estop them from asserting their lien against the first mortgage.

I shall not undertake to argue at length in this opinion the legal questions involved. It seems to me just and equitable that this statute in favor of lienors should be given as broad a construction as the intent of the legislature will permit. The statute reads as follows:

"A person who performs labor, or furnishes machinery, * * * for erecting, altering, repairing or removing of a house, * * * by virtue of a con-

tract with the owner or his authorized agent, * * * shall have a lien." Laws 1894, p. 135.

The contention that the word "labor" in this statute means only manual labor or unskilled labor would put upon it a very narrow and strained construction. There is no reason in equity or in law why the architect who conceives and puts upon paper the design for such an immense building as this Hotel Victory is, and who puts upon paper with such minuteness of detail the specifications and drawings as to enable any one skilled in such business to erect, with perfect proportions and proper stability, such a mammoth structure, should not be protected in his contribution to the completion of such work, as well as the carpenter, the plumber, the painter, or the frescoer who performs manual labor. The court certainly ought not to strain the statute to exclude labor of this high character and grade, unless it is plainly the intent of the legislature that it should bear such interpretation. The master has entered into the discussion of this question with detail, referring to the authorities and statutes, and I fully concur in his finding that the architect in this case is entitled to a lien not only for the plans and specifications, but for the labor and assistance in the construction of the building in pursuance of these plans; for it appears from the testimony very clearly that these architects were not called upon to design a plan to be used at some indefinite location, and at some future time not fixed, and in pursuance of a scheme wholly speculative, but they were called upon to draw plans and specifications for this building, to be located at this place, and in pursuance of a contract having a substantial financial basis. In view of the facts as established, it is not necessary to determine whether this lien could be maintained for the plans and specifications. disconnected with the labor and superintendence; and it is perhaps best not to enter into a consideration of this abstract question.

The contention that the claimants failed to comply with the statute when they filed their lien in Ottawa county, while the plans and specifications were prepared in Lucas county, is, it seems to me, not sustained by either reason or law. While it may be true that the labor on the plans and specifications was principally done in Lucas county, yet the mere result of that labor in Lucas county was to put upon paper figures and facts and drawings which were valueless until used and put into the form and proportions of a building. That could only be done in Ottawa county. That was where the practical use was made of whatever labor was done in Lucas county. The benefit having resulted to the parties because of the application made of the labor of the architects in Ottawa county, the lien should be filed there, where the building and the real estate were situated.