(104 N. W. 513.)

---

## JACOB FRIEDLANDER v. JOHN B. TAINTOR.

Opinion filed June 23, 1905.

### Mechanic's Lien — Rights of Architect.

1. A supervising architect, who furnishes plans and specifications and supervises the construction of a building pursuant to a contract with the owner for such services, is entitled to a lien therefor under section 4788, Rev. Codes 1899, which gives a lien to "any person who shall perform any labor upon * * * any building."

Appeal from District Court, Walsh county; *Kneeshaw, J.*

Action by Jacob Friedlander against John B. Taintor. Judgment for plaintiff, and defendant appeals.

Affirmed.

*E. Smith-Peterson,* for appellant.

The services of an architect in drawing plans and specifications for the construction of a house, directing the builder in charge of the work, cannot be called "work or labor upon a building." Raeder v. Bensberg, 6 Mo. App. 445; Murphy v. Murphy, 22 Mo. App. 18; Bank of Pennsylvania v. Gries, 35 Pa. St. 423.

Simply providing plans and specifications does not entitle one to a mechanic's lien. Price v. Kirk, 90 Pa. St. 47; Rush v. Able, 90 Pa. St. 153; Foushee v. Grigsby, 12 Bush. 76 (Ky.); Ames v. Dyer, 41 Me. 397.

Under statutes similar to ours the weight of judicial opinion is against the claim of an architect to the protection of the statute for furnishing plans and specifications. Mitchell v. Packard, 47 N. E. 113; Crowell v. Cape Cod Ship Canal Co., 46 N. E. 424; Railroad Co. v. Leuffer, 84 Pa. St. 168, 24 Am. Rep. 189; Ericsson v. Brown, 38 Barb. 390; Thompson v. Baxter, 92 Tenn. 305; Mining Co. v. Cullins, 104 U. S. 176, 26 L. Ed. 704; Little v. Hobbs, 53 N. C. 179.

Conceding that plaintiff is entitled to a mechanic's lien for supervision, he is entitled to none for plans and specifications. Having united his two claims, lienable and nonlienable, in one gross charge without apportioning, no lien can be enforced. 20 Am. & Eng. Enc. Law (2d Ed.) 359; Mitchell v. Packard, 47 N. E. 113; Adler v. World's Pastime Exp. Co., 18 N. E. 809; Morrison v. Minot, 5 Allen, 403; Allen v. Elwert, 44 Pac. 823; Gerry v. Ames, 48 Pac. 355; 2 Jones on Liens, section 1523.

In an action to enforce a mechanic's lien, if plaintiff fails to establish such lien, he can have no personal judgment for the amount of his claim. Bray v. Booker, 8 N. D. 526, 72 N. W. 933; Dudley v. Congregation of Third Order of St. Frances, 34 N. E. 281; Beck v. Allison, 56 N. Y. 366; Boroughs v. Tostevan, 75 N. Y. 567.

*Guy C. H. Corliss,* for respondent.

An architect, who is creator of the building in the form it takes, and gives his time seeing that it is built in compliance with his

plans and specifications, has performed the most vital labor in the erection of the building and is entitled to a lien for his labor. Phillips, Mech. Liens, section 158; Boisot, Mech. Liens, section 16; Kneel, Mech. Liens, section 13a; Stryker v. Cassidy, 76 N. Y. 50; Insurance Co. v. Rowland, 26 N. J. Eq. 389; Bank v. Gries, 35 Pa. St. 423; Knight v. Norris, 13 Minn. 473 (Gil. 438); Hughes v. Torgerson, 16 L. R. A. 600; Taylor v. Gilsdorf, 74 Ill. 354; Phoenix Furniture Co. v. Put-in-Bay Hotel Co., 66 Fed. 683; Gardner v. Leck, 54 N. W. 746; Parsons v. Brown, 66 N. W. 880; Rinn v. Power Co., 38 N. Y. Supp. 345; Rara Avis Gold & Silver Mining Co. v. Bouscher, 12 Pac. 433; Mulligan v. Mulligan, 18 La. Ann. 20; Arnoldi v. Gouin, 22 Grant Ch. 314; Johnson v. McClure, 62 Pac. 983; Field v. Consolidated Co., 55 Atl. 757; Van Dorn v. Mengedoht, 59 N. W. 800.

A few cases hold that supervision comes within the statute but plans and specifications do not. Mitchell v. Packard, 47 N. E. 113; Raeder v. Bensberg, 6 Mo. App. 445; Foushee v. Grigsby, 12 Bush. 76; Price v. Kirk, 90 Pa. 47; Rush v. Abel, 90 Pa. 153.

Nebraska affords a lien for plans alone. Henry & Coatsworth Co. v. Halter, 79 N. W. 616.

Some cases destroy the lien when plans and specifications are furnished. Our statute says any person may have a lien.

YOUNG, J. The plaintiff brought this action to foreclose a mechanic's lien upon a certain two-story store and office building situated in the city of Park River. The findings and judgment of the trial court were in plaintiff's favor. The defendant has appealed from the judgment, and assigns error upon the judgment roll proper.

The trial court found, among other things, that the plaintiff furnished plans and specifications for, and superintended the construction of said building, pursuant to a contract with the defendant, under the terms of which the plaintiff was to be paid for his services 3 per cent of the cost of the building. The appeal presents but a single question. The plaintiff is an architect, and the lien involved in this case is for his services in drawing plans and specifications and supervising the construction of the building upon which the lien is claimed. The defendant contends that such service will not support a lien under our statute. This contention cannot be sustained. Section 4788, Rev. Codes 1899, declares that "any person who shall perform any labor upon . * * * any

building or other structure upon land * * * under a contract with the owner of such land * * * shall * * * have for his labor done * * * a lien upon such building." The statute does not designate the persons who are entitled to liens under it by name or occupation. Its language is general. "Any person" who otherwise comes within its provisions is entitled to a lien. It includes all persons who perform "any labor upon any * * * building." It is urged that the services of an architect in drawing plans and specifications and supervising the construction cannot be said to be labor upon the building. This question is not a new one to the courts, and it has been held with great unanimity that where the architect not only draws the plans, but superintends the construction, he is entitled to a lien; and this under statutes which merely give a lien in general terms for work and labor furnished in the erection of a building. Boisot on Mechanic's Liens, section 116; Phillips on Mechanic's Liens, section 158. Also Stryker v. Cassidy, 76 N. Y. 50, 32 Am. Rep. 262, overruling Stryker v. Cassidy, 10 Hun, 81. See, also, Rinn v. Electric Power Co. (Sup.) 38 N. Y. Supp. 345; Knight v. Norris, 13 Minn. 473 (Gil. 438); Gardner v. Leck, 52 Minn. 522, 54 N. W. 746; Mutual Benefit Life Ins. Co. v. Rowland, 26 N. J. Eq. 389; Bank v. Gries, 35 Pa. 423; Hughes v. Torgerson (Ala.) 11 South. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105; Taylor v. Gilsdorff, 74 Ill. 354; Von Dorn v. Mengedoht (Neb.) 59 N. W. 800; Field & Slocomb v. Consolidated M. W. Co. (R. I.) 55 Atl. 757; Johnson v. McClure (N. M.) 62 Pac. 983; Parsons v. Brown (Iowa) 66 N. W. 880; Phoenix Furniture Co. v. Put-in-Bay Hotel Co. (C. C.) 66 Fed. 683; Arnoldi v. Gouin, 22 Grant, Ch. 314; Mulligan v. Mulligan, 18 La. Ann. 20. Our statute gives a lien for labor "upon" the building, but we do not regard this language as peculiar, or requiring a difference in construction. The Alabama statute uses the same language, and the court, in Hughes v. Torgerson, supra, sustained the lien of a supervising architect. "Are such services by an architect 'work or labor upon * * * a building or improvement on land,' within the meaning of the statute? Code, section 3018. It is plain that a contractor for the construction of the building is within the protection of the statute. If he was also intrusted with the planning of the building, and with the sole supervision of its erection, we think it equally plain that his services in these particulars could be regarded as properly a part of his work 'upon the building,' and that compensation therefor might be included in the

amount for the security of which he could acquire a lien under the statute. Under a New York statute a lien was authorized in favor of 'any person who shall perform any labor or furnish any materials in building, altering or repairing any house,' etc., 'by virtue of any contract with the owner,' etc. 'This language,' it was said in Stryker v. Cassidy, 76 N. Y. 50, 32 Am. Rep. 262, 'is general and comprehensive, and its natural and plain import includes all persons who perform labor in the construction or reparation of a building, irrespective of the grade of their employment or the particular kind of service. The architect who superintends the construction of a 'building performs labor as truly as the carpenter who frames it, or the mason who lays the walls; and labor of a most important character. * * * The language quoted makes no distinction between skilled and unskilled labor, or between mere manual labor and the labor of one who supervises, directs and applies the labor of others. The general principle upon which the lien laws proceed is that any person who has contributed by his labor or by furnishing materials to a structure erected by an owner upon his premises shall have a claim upon the property for his compensation.' The claim of an architect was allowed in that case. What was there said seems eminently sound, and is equally applicable to the Alabama statute. An architect who prepares the drawings, plans and specifications for a building, and superintends the erection thereof, may as truly be said to perform labor thereon as any one who takes part in the work of construction. That he is within the protection of the statute is a proposition well supported by adjudications upon other similar statutes." Some courts have held that an architect is not entitled to a lien even when his services cover both furnishing of plans and the supervision of construction. See Raeder v. Bensberg, 6 Mo. App. 445; Foushee v. Grigsby, (Ky.) 12 Bush, 76. The weight of authority and reason, as already stated, is against this view. There is a sharp conflict in judicial opinion as to whether an architect who merely furnishes plans and specifications is entitled to a lien. Upon this we express no opinion. The plaintiff's contract in this case included the supervision of the construction, and under the rule of construction adopted by the great majority of the courts under the same or similar statutes to which we give our adherence he was entitled to the lien.

Judgment affirmed. All concur.