EX REL. PACIFIC STATES SECURITY CO. *v.*
DISTRICT COURT

No. 2639

July 1, 1924.                                        226 Pac. 1106.

1. CORPORATIONS—STATUTE HELD NOT TO PREVENT FOREIGN CORPORA-
   TION FROM MAINTAINING ACTION WHERE NOT "DOING BUSINESS"
   WITHIN STATE.

   Rev. Laws 1912, secs. 1348–1350, prescribing conditions on
   the right of foreign corporations to do business within the
   state, does not prevent a foreign corporation from maintaining
   an action in the state courts where there is no showing that it
   had entered the state for purpose of doing business in sense in
   which the words "doing business" is meant, and transaction
   of single piece of business is not enough.

2. CORPORATIONS—SERVICE OF SUMMONS ON FOREIGN CORPORATION
   HELD INSUFFICIENT TO CONFER JURISDICTION.

   A service of summons outside the state on a foreign corpo-
   ration not then doing business in the state was insufficient to
   confer jurisdiction, in view of Rev. Laws 1912, sec. 5025, Stats.
   1921, p. 107, in an action in personam; sections 5026 and 5027
   applying only to actions in rem and being inapplicable.

3. COURTS—COURT HELD NOT TO ACQUIRE JURISDICTION BY ERRONE-
   OUS RULING UPON MOTION TO DISMISS MADE ON SPECIAL
   APPEARANCE.

   Where court had not acquired jurisdiction over a foreign
   corporation by service of process on appearance, it could
   acquire none by making an erroneous ruling denying motion
   to dismiss made on special appearance.

4. CERTIORARI—STATUTE HELD NOT TO PROVIDE DEFENDANT REMEDY
   BY APPEAL; "PARTIES."

   Rev. Laws 1912, sec. 5327, making an appeal available only
   to an aggrieved party, did not provide a remedy for defendant
   over whom court had not acquired jurisdiction by service of

process or appearance, upon court's denial of his motion to quash service of summons, since "parties" are those who are named as such in the record and who are properly served or who enter their appearance; and hence certiorari lay.

See (1, 2) 14a C. J. sec. 3979, p. 1273, n. 5; sec. 4063, p. 1354, n. 20; sec. 4131, p. 1406, n. 85; (3) 15 C. J. sec. 92, p. 797, n. 51; (4) 11 C. J. sec. 23, p. 97, n. 50.

ORIGINAL PROCEEDING in certiorari by the State of Nevada, on the relation of the Pacific States Securities Company, a corporation, against the Second Judicial District Court of the State of Nevada for the county of Washoe, and *Thomas F. Moran,* District Judge. On motion to quash. **Motion denied.**

*Platt & Sanford* and *John S. Sinai,* for Petitioners:

Being directed solely to jurisdiction, certiorari is proper. There is no appeal. In denying motion to quash court ordered defendant into court on defective service and improperly assumed jurisdiction.

Only possible service on foreign corporation is upon managing or business agent, cashier or secretary within state. Rev. Laws, 5023, subd. 2. Sections 5024 and 5025 are additional mode and manner of serving process. 1921 Stats. 106, amends and takes place of section 5025; section 5023 provides only other method. Such statutes are mandatory and exclusive. 6 Thompson on Corporations, par. 7503.

Jurisdiction will not be acquired unless statutory mode is followed. National Cereal Co. v. Earnest, 87 S. W. 734.

Whether corporation complied with statutory provisions is not properly before this court; that is matter of fact upon which it has right to be heard without summary action.

Single transaction does not constitute "doing business."

Sole question is whether lower court exceeded jurisdiction in denying motion to quash summons and issuance of process thereon and whether court had right to issue certiorari.

*H. W. Huskey,* for Respondents:

Petitioner, a foreign corporation, failed to file copy of articles with county recorder where principal place of business was located. It comes here without power to appear. Rev. Laws, 1348–49–50. It is also in default to state for fees.

Writ should not have been issued and cannot stand, since order denying motion to quash was clearly within jurisdiction. If decision was erroneous petitioner had adequate remedy by appeal, for which certiorari cannot be substituted.

Service on president was valid, having been made under Rev. Laws, 5026 and 5027. The fact that sec. 5025 provides additional method does not exclude general method. Sections 5023 and 5024 provide method upon only such foreign corporations as have resident agents, or are doing business here and have managing or business agent here. Where there is no agent service is made under sec. 5025.

Affidavit need not allege due diligence because foreign residence of corporation is stated in affidavit, and complaint.

In Victor M. M. Co. v. Justice Court, 18 Nev. 21, service was attempted under sec. 5026. In Wildes v. Lou Dillon M. Co., 41 Nev. 364, it was attempted under secs. 5026–7. These decisions hold service invalid because sections were not complied with. No point was made that service could have been made under sec. 5025.

Action is not in personam. Automobile is in Nevada. Judgment would be lien upon property within jurisdiction.

## OPINION

By the Court, COLEMAN, J.:

This is an original proceeding in certiorari.

The respondent has moved to quash upon three grounds, the first of which reads:

"That petitioner, Pacific States Securities Company, is a foreign corporation. That said petitioner has not

complied with the provisions of the act of March 20, 1907, being sections 1348, 1349, and 1350, Revised Laws of 1912, in that it has failed to file a certified copy of its articles of incorporation in the office of the county clerk of the county where its principal place of business in Nevada was located; in that it has not paid any fees to the secretary of state of the State of Nevada. That for said reasons petitioner has commenced this proceeding without any authority and illegally, as appears from section 1350, Revised Laws of Nevada, 1912, under which provision petitioner is not allowed to commence or maintain any action or proceeding in any court of this state until it shall have fully complied with the provisions of said section 1350."

The second and third grounds relied upon go to the merits of the application for the writ.

1. In support of the first ground, respondents rely upon the provisions of an act entitled "An act to require foreign corporations to qualify before carrying on business in this state, regulating and prescribing the manner thereof, other matters pertaining thereto, and repealing all other acts in conflict herewith," approved March 20, 1907, p. 190; Revised Laws of 1912, secs. 1348, 1349, and 1350. Section 1 of the act in question reads:

"Every corporation organized under the laws of another state, territory, the District of Columbia, a dependency of the United States or foreign country, which shall hereafter enter this state for the purpose of doing business therein, must, before commencing or doing any business in this state, file in the office of the secretary of state of the State of Nevada a certified copy of said articles of incorporation, or of its charter, or of the statute or statutes, or legislative, or executive, or governmental acts, or other instrument or authority by which it was created, and a certified copy thereof, duly certified by the secretary of state of this state, in the office of the county clerk of the county where its principal place of business in this state is located."

Section 3 of the act provides that no corporation

which fails to comply with the provisions of this act shall be allowed to commence, maintain, or defend any action or proceeding in any court of this state until it shall have fully complied with the terms of the act.

In support of the motion to quash, we have before us a certificate of the secretary of state to the effect that the petitioner has not filed its "articles of incorporation in this department." No other or further showing is made in support of the motion to quash pursuant to the first ground.

The first ground of the motion is without merit. Section 1 of the act relied upon is aimed at foreign corporations entering this state for the purpose of doing business therein. There is no pretense of a showing that the petitioner entered this state for the purpose of doing business therein in the sense in which the words "doing business" is meant. The fact that it may have transacted a single piece of business in the state is not "doing business" in the sense contemplated by the statute, and there is no showing that it ever did more business in this state than the one transaction. In 12 R. C. L. p. 69, it is said:

*"Isolated or Single Act*—It seems to be the consensus of opinion that a corporation, to come within the purview of most statutes prescribing conditions on the right of foreign corporations to do business within the state, must transact therein some substantial part of its ordinary business, which must be continuous in the sense that it is distinguished from merely casual or occasional transactions, and it must be of such a character as will give rise to some form of legal obligations. Hence it may be laid down as a general rule that the action of a foreign corporation in entering into one contract or transacting an isolated business act in the state does not ordinarily constitute 'the carrying on or doing of business' therein."

And in 14A C. J. 1273, it is said:

"In most jurisdictions it has been held that single or isolated transactions do not constitute doing business within the meaning of such statutes, although they are

a part of the very business for which the corporation is organized to transact, if the action of the corporation in engaging therein indicates no purpose of continuity of conduct in that respect."

See, also, Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 29 L. Ed. 1137; 6 Thompson, Corporations, sec. 7936; 13 Am. & Eng. Ency. Law (2d ed.), p. 869; Ladd Metals Co. v. American M. Co. (C. C.) 152 Fed. 1008; Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127.

The second ground of the motion to quash reads as follows:

"That said writ should not have been issued for the reason that the decision as set out in the minute order of the district court, to wit, the decision and order denying the motion to quash service of summons was clearly within the jurisdiction of said district court; that even if said decision were erroneous, petitioner has left to him an adequate and complete remedy by ordinary proceedings at law, to wit, by an appeal."

The action, the proceedings of which are sought to be reviewed, is brought to recover damages in the sum of $1,200 and for the cancellation of a contract. Service of summons upon the defendant was made in San Francisco, Calif., based upon an order of the court.

The defendant appeared specially in the action and moved to quash the service of the summons upon the ground that the method of making service is illegal and contrary to the method of making service of summons upon foreign corporations, and that the affidavit upon which the order of publication was made was insufficient to give the court jurisdiction to make the order.

2.   It is clear that the motion to quash the service of the summons was improperly denied by the trial court. While there is an allegation in the complaint to the effect that the defendant was a corporation organized under the laws of California and at all times mentioned in the complaint "to and including September 5, 1923, was doing business in Nevada," there is no pretense of a showing anywhere that the defendant was doing

business in Nevada on October 4, 1923, the day upon which the action was instituted, and, this being an action in personam and not in rem, no valid judgment could be rendered against the defendant upon the cause of action pleaded in the complaint, pursuant to the service made. This was settled by the case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. In St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222, speaking of the Pennoyer Case it was said:

"The doctrine of that case applies, in all its force, to personal judgments of state courts against foreign corporations. The courts rendering them must have acquired jurisdiction over the party by personal service or voluntary appearance, whether the party be a corporation or a natural person."

See, also, Ladd Metals Co. v. American M. Co., supra; Remington v. Central Pacific Ry. Co., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959; Multnomah L. & B. Co. v. Weston B. Co., 54 Or. 22, 99 Pac. 1046, 102 Pac. 1.

Counsel for respondent, in support of the motion to quash, contend that authority for the entering of the order of publication may be found in sections 5026 and 5027, Rev. Laws 1912. These sections may be proceeded under in actions in rem, but not in actions in personam.

3. The contention that the order of the district court denying the motion to quash the service of summons upon the defendant was an error (if it be an error), in the exercise of jurisdiction, and that the defendant was left to its remedy by appeal: It is true that the ruling of the court, though erroneous, was a mere error; but it is equally true that the court, not having acquired jurisdiction over the defendant by service of process of appearance, could acquire none by making an erroneous ruling upon a motion to dismiss, made on special appearance. It was held in Floyd v. District Court, 36 Nev. 349, 135 Pac. 922, 4 A. L. R. 646, that a court could not divest itself of jurisdiction by an erroneous ruling made in the exercise of jurisdiction. By parity of reasoning, a court could not invest itself with jurisdiction by an erroneous ruling in the exercise of jurisdiction.

The only way sought to be prescribed by our statute · for service of summons upon a foreign corporation doing business in this state, which has neglected to designate an agent upon whom summons may be served, is by service upon the secretary of state. Section 5025, Rev. Laws, as amended, Stats. 1921, p. 107. No effort was made to comply with section 5025, as amended, but it was sought to comply with statutes pertaining to actions in rem.

4. We do not think the petitioner has a remedy by appeal. An appeal is made available only to an "aggrieved party." Section 5327, Rev. Laws. The petitioner was not a party to the suit in the district court in the sense meant by the statute. Parties are those who are named as such in the record, and who are properly served with process, or enter their appearance. 20 R. C. L. p. 662; Womach v. City of St. Joseph, 201 Mo. 467, 100 S. W. 443, 10 L. R. A. (N. S.) 140.

Motion to quash is denied.