AL COLYER, RESPONDENT, v. LAHONTAN MINES COMPANY, A CORPORATION, APPELLANT

No. 2968

January 5, 1933.                    17 P.(2d) 697.

*Thatcher & Woodburn,* for Defendant:

*W. M. Kearney*, for Plaintiff.

## OPINION

By the Court, COLEMAN, J.:

On December 23, 1926, Al Colyer brought suit against Lahontan Mines Company, a corporation, to recover upon two causes of action. In the first cause of action it is alleged that on December 6, 1923, the defendant, as party of the first part, entered into a written contract with the plaintiff and Alex McIntyre, as parties of the second part, whereby said second parties were granted an option and right to sell certain mining property owned by the first party, which said agreement provided that said second parties would endeavor to secure a buyer for said property upon terms of sale to be fixed by special agreement between the buyers and the company; that it was further agreed that in the event of a sale the company would pay to second parties a commission of 10 per cent of the purchase price of the property.

The complaint further alleges that McIntyre sold all

of his right and interest in said agreement to Colyer; that on the 25th day of November, 1924, the plaintiff found a purchaser for said property and that the defendant sold said property to one John Reinmiller for the sum of $60,000, under a special agreement with the defendant; that the said Reinmiller took and maintained possession of said property; that the plaintiff performed each, every, and all of the terms of said agreement; and that there is due and owing the plaintiff $6,000.

The second cause of action is to recover $6,000 on the quantum meruit for services rendered in selling the property mentioned.

The defendant by its answer denied, among other things, that it sold the property as alleged, but that it entered into an agreement of option with Reinmiller whereby he obtained the right to purchase the property for $60,000; that no part of said sum had been paid; and that no part thereof was due.

The defendant also denied the material allegation of the second cause of action.

The plaintiff filed a reply denying the affirmative matter in the answer.

The case was tried to the court, and a judgment was rendered in favor of the defendant on the first cause of action and in favor of the plaintiff upon the second cause of action in the sum of $3,500. Both parties have appealed.

We will first consider the appeal of the defendant company.

The uncontradicted evidence shows that on December 6, 1923, the defendant company entered into a written agreement with the plaintiff and Alex McIntyre, whereby the defendant granted to the parties named an option to sell all of the property of the company subject to a special agreement between the buyer and defendant; that in the event of such a sale the second parties are to receive a commission of 10 per cent of the purchase price; and that thereafter McIntyre assigned his interest to this plaintiff.

Shortly after the execution of the said agreement the

plaintiff undertook to interest John Reinmiller in the defendant's property, and on the 25th day of November, 1924, as a result of his efforts, a written agreement for the sale of certain property was entered into between the defendant company and Reinmiller for the sum of $60,000, "to be paid by a flat royalty of 20% upon the gross yield" of the working of the property; that all ore extracted from said property by said Reinmiller shall be shipped through the Reno National Bank; and that said bank shall deduct from the gross yield thereof 20 per cent and place the same to the order of the defendant company until a total sum of $60,000 has been paid to it. The agreement further provides that it shall expire at midnight of November 30, 1928.

This suit was instituted on December 23, 1926, and was tried during 1927, and a judgment rendered on November 26, 1927. The trial court made findings of facts, and among them it found the agreement entered into between the defendant and Reinmiller (exhibit A) was not a binding contract of sale, but that it is an option merely. The court also found: "That the plaintiff did perform services of the value of $3500.00 under an express contract to find a purchaser for the property mentioned in the complaint. The plaintiff did not secure a purchaser for the defendant but was instrumental in securing one John Reinmiller to enter into a contract of option to purchase the said property from the defendant. That said contract of option of purchase is marked Exhibit 'A.'" Upon these findings the court based its judgment that the plaintiff is not entitled to recover on the first cause of action, but is entitled to recover on the second cause of action. The trial court made no finding as to whether or not Reinmiller had exercised his option, but the evidence clearly shows that he did not. In fact, there is no contention that he did. The plaintiff sued to recover for services rendered in selling the property mentioned, and not for services rendered in obtaining one to enter into an option to purchase.

In this case Reinmiller did not bind himself to

pay for the property. All that he obtained was the privilege of becoming the purchaser—in legal effect an option—and the option not having been exercised, the plaintiff has not complied with the contract sued upon; hence he cannot recover. Had he alleged the granting of the option, he would be in no better position. Christensen v. Duborg, 38 Nev. 404, 150 P. 306.

What we have said applies to the second as well as to the first cause of action, since it was, like the first cause of action, to recover for services alleged to have been rendered in selling the property in question.

Counsel for the plaintiff has filed a lengthy brief citing and quoting from many cases relative to the right of a broker to recover commission for services rendered in procuring a purchaser of real property. We do not find so much fault with the rules of law enunciated in those cases as with their lack of application.

For the reason given the judgment and order appealed from are reversed, and the trial court is directed to enter judgment dismissing the action at the cost of plaintiff.