PATERSON *v.* CONDOS (Otis Elevator Co. Et Al.,
Interveners)

No. 3014

January 2, 1934. 28 P.(2d) 499.

*W. M. Kearney,* for Appellant:

*E. C. Short* and *Green & Lunsford,* for Respondent James G. Paterson, and Interveners and Respondents A. T. Eveleth Lumber Company, R. L. Seltzer, H. P. Fischer, I. Christensen, Otis Elevator Company, and John J. Pelizzari:

*Nash P. Morgan,* for Intervener and Respondent Hooper:

*Ayres, Gardiner & Pike,* for Respondent J. R. Bradley Company:

140

**OPINION**

By the Court, COLEMAN, J.:

This is an action upon the quantum meruit to foreclose a mechanic's lien, in which materialmen and subcontractors joined. The defendant filed an answer in which he denied certain allegations of the complaint and pleaded affirmatively that an express contract was entered into to erect the building in question for the sum of $38,800, pursuant to certain plans and specifications. In his reply the plaintiff denied this affirmative allegation. The court entered its formal findings, wherein it found that the parties originally entered into the express contract pleaded in the answer, but that thereafter " * * * fifty seven changes were made in the building as contemplated by the original plans and specifications and the building was thereafter constructed practically without regard to either set of plans and specifications, and that the original offer and bid of plaintiff to construct said building was abandoned with the consent, acquiescence and direction of the defendant."

1. The first point we will consider is the contention that, the court having found that an express contract was entered into between the plaintiff and the defendant, as alleged in the answer, the plaintiff cannot recover because his whole case is bottomed upon an action on the quantum meruit. In support of this contention counsel for appellant cites Colyer v. Lahontan M. Co., 54 Nev. 353, 17 P. (2d) 697; Christensen v. Duborg, 38 Nev. 404, 150 P. 306, and other cases of similar import. Those cases correctly state the law applicable to the facts involved therein, as a casual reading will show. The situation presented in this case is very dissimilar to that presented in those cases; hence they have no application.

We think the rule applicable to the facts of this case is correctly stated in Hood v. Smiley, 5 Wyo. 70, 36 P. 856, 857, where it is said: "It is the common experience of men that changes and alterations in the original plans and specifications of buildings are the rule, and not the exception, and the legal rule seems to be well established, as stated by counsel for plaintiff in error, 'that where additions are ordered to be made, and are made, to a building which a workman has contracted to furnish for a certain sum, the original contract is held to exist as far as it can be traced to have been followed, and the excess must be paid for according to its reasonable value;' and it is only where the alterations and changes are so great that it is impossible to follow the original contract that it will be deemed to have been wholly abandoned, so that the contractor can recover upon a quantum meruit."

The supreme court of Utah, in a similar case, said: "The contention therefore now made by appellant that, in an action based upon an express contract, there can be no recovery as upon quantum meruit, is not applicable to the record in this case. Nor is the claim tenable that, where there is an express contract entered into between parties for the construction of a building, an action as upon quantum meruit to recover for labor performed and material furnished in erecting the building cannot be maintained. It is quite true that a party entering into a contract of this character may not abandon the contract and recover more than the contract price upon a quantum meruit; but there may be cases where the stipulations of the contract have been departed from either by the express consent of the parties or by implication through their conduct in making changes in materials, workmanship, or structure by reason of which it may become a matter of doubt whether the contract, as a whole, has been abandoned or not. In such cases the contractor may, in the first instance, sue as upon a quantum meruit, and leave it to the defendant to set up and insist upon the contract for the purpose of limiting the recovery to the price stipulated therein. The defendant may in such a case likewise

insist that the stipulations of the contract remain in full force and have not been performed, and may demand damages for a noncompliance with the terms of the contract. The contractor may, however, in such cases, also base his action upon both the contract. and upon a quantum meruit by setting up the former in one count, and the latter in another in his complaint. In all such cases a recovery by either party will be allowed in accordance with the facts developed at the trial and the law applicable thereto. Again, a contractor, in case the contract is fully performed, and nothing remains except to obtain payment, may sue to recover the amount unpaid without specially declaring upon the contract. These propositions have been discussed and passed upon many times by the courts, and are illustrated and applied in the following cases: Todd v. Huntington, 13 Ore. 9, 4 P 295; Schwartzel v. Karnes, 2 Kan. App. 782, 44 P. 41; Board of Com'rs. v. Gibson, 158 Ind. 471, 63 N. E. 982; Moore v. Gaus & Sons' Mfg. Co., 113 Mo. 98, 20 S. W. 975; Burgess v. Helm, 24 Nev. 242, 51 P. 1025; Wilson v. Smith, 61 Cal. 209." Foulger v. McGrath et al., 34 Utah, 86, 95 P. 1004, 1006.

In Reynolds et al. v. Jourdan, 6 Cal. 108, the court said: "Where the entire performance of a special contract has been prevented by one of the parties, or where its terms have been afterwards varied by the agreement of both parties, the action for the amount due for work and labor should be in the form of indebitatis assumpsit, and not upon the contract."

"A contract will be treated as abandoned where the acts of one party inconsistent with its existence are acquiesced in by the other." 13 C. J. 601.

See, also, Adams v. Pugh, 7 Cal. 150; De Boom v. Priestly, 1 Cal. 206; O'Connor v. Bingley, 26 Cal. 20; Adams v. Burbank, 103 Cal. 646, 37 P. 640; 40 Cyc. 2825, as to modification of contract; 13 C. J. 589.

It follows from what we have said that as a matter of law the court committed no error in refusing to accept the contention of appellant, in view of the findings.

2. As to the contention that specifications contained

certain provisions which preclude the plaintiff's recovery, we need only say that by the abandonment of the original contract and the erection of a building costing many thousand dollars more than contemplated by the original contract, the defendant waived the provisions relied upon.

Having reached the conclusion indicated, but one question remains to be considered so far as the claim of the plaintiff is concerned, and that is as to the sufficiency of the evidence to justify the conclusion of the court. The record in this case consists of four large volumes, and to even undertake to analyze the evidence would result in an unduly lengthy opinion. We have considered the evidence, and we are satisfied that the conclusion of the trial court is amply justified.

3. It is next contended that the court erred in entering judgment in favor of E. U. Hooper for services rendered as an architect in drawing plans for the building and in supervising its construction. Our lien statute (section 3735 N. C. L.) provides that: "Every person performing labor upon, or furnishing material of the value of five (5) dollars or more, to be used in the construction * * * of any building * * * has a lien upon the same. * * * "

While the authorities are not uniform on the point, the great weight of authority, and we think the better reasoning, is in favor of the rule that an architect who draws plans and supervises the erection of a building, under a statute such as ours, is entitled to a lien. In the case of Gould v. McCormick, 75 Wash. 61, 134 P. 676, 47 L. R. A. (n. s.) 765, Ann. Cas. 1915A, 710, the court had under consideration, so far as is here material, a statute identical to ours; after quoting from certain authorities, and citing others, it reached the conclusion that a superintending architect was entitled to a lien.

Another case arising out of a statute like ours is Johnson v. McClure et al., 10 N. M. 506, 62 P. 983, wherein the court held that the architect was entitled to a lien.

In support of this view, we also call attention to the

following authorities: Field v. Consolidated M. W. Co., 25 R. I. 319, 55 A. 757, 105 Am. St. Rep. 895; Von Dorn v. Mengedoht, 41 Neb. 525, 59 N. W. 800; Friedlander v. Taintor, 14 N. Dak. 393, 104 N. W. 527, 116 Am. St. Rep. 697, 9 Ann. Cas. 96; Phoenix Furn. Co. v. Put-in-Bay, etc. (C. C.) 66 F. 683; Knight v. Norris, 13 Minn. 473 (Gil. 438); Hughes v. Torgerson, 96 Ala. 346, 11 So. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105; Stryker v. Cassidy, 76 N. Y. 50, 32 Am. Rep. 262. See, also, 60 A. L. R. 1267 note; 5 C. J. 266; 2 R. C. L. p. 401.

4. As to Hooper's claim, it is further contended that no personal judgment should have been rendered in his favor, for the reason that there was no contractual relationship existing between him and Condos. As to the latter contention, there is evidence that there was such contractual relationship, and we are disposed to accept the findings of the trial court.

5. The next contention is that the testimony shows that the lien claim of R. L. Seltzer was not filed within fifty days after the work was completed. The evidence on this point is very conflicting, and we are not disposed to override the finding of the trial court.

6. It is further contended that the judgment should be reversed in so far as the claim of H. P. Fischer is concerned, for the reason that he was doing business as H. P. Fischer Tile & Marble Company and instituted this suit without having filed a certificate stating the names of the members of the firm, as contemplated by section 4450 et seq. N. C. L. Without deciding the question as to whether plaintiff was doing business under a fictitious name, we may say that the evidence shows that this plaintiff has its place of business in Stockton, Calif., and hence, on authority of the reasoning in the case of State ex rel. Pacific States Sec. Co. v. District Court, 48 Nev. 53, 226 P. 1106, the point is not well taken. That, it is true, was a case in which a corporation was involved, but the case turned upon the question of the corporation doing business within this state, and the provision of the statute here invoked contemplates doing business within this state by a person, firm, or copartnership.

7. It is contended that I. Christensen testified that he relied upon the personal credit of Paterson, and hence he is not entitled to a lien. In support of the contention, we are cited to several authorities. They are not in point. Christensen did concrete work on the building in question, and he comes within the terms of our mechanic's lien statute above quoted.

8. The next point made is that the court erred in its judgment in favor of J. R. Bradley Company, in that it was a duplication of the claim of John J. Pelizzari. Pelizzari was a subcontractor in the construction of the building in question. Bradley & Co. were materialmen who furnished certain supplies to Pelizzari which went into the building. Section 3735 N. C. L., pertaining to mechanic's liens, makes the subcontractor the agent of the owner. The trial court found that Bradley & Co. furnished the materials in question to Pelizzari, and that they went into the building, hence it allowed Bradley's claim, and, though Pelizzari's claim included Bradley's, it was disallowed to that extent. There was no duplication of the allowance and no error in this connection.

9. It is next asserted that the trial court erred in allowing the claim of Otis Elevator Company. It is said that the lien claim was not filed within the time provided by law for the filing of such a claim. Our attention is not directed to the place in the record where we will find the evidence on the point. As stated above, the record in this case is voluminous, comprising four very thick volumes. It should not be expected that we will comb the record, in such a situation, to ascertain if the evidence sustains the finding (State v. Milosovich, 42 Nev. 273, 175 P. 139, at page 140) ; hence we shall assume that the finding is sustained by the evidence.

10. As to this claim, it is also contended that, in view of the fact that the contract between the elevator company and Condos provides that the title shall remain in the company until the property furnished is paid for, no lien can be claimed. Under the broad provision in the mechanic's lien statute, we think that a lien attaches

in such a case as this when claimant waives his right to reclaim the property, which it did by claiming a lien.

**11.** Nor is there any merit in the contention that this claimant, being a foreign corporation, and not having complied with the statute relative to such corporations doing business in this state, is not entitled to a lien. The statute in question does not apply to a foreign corporation doing business in the state only occasionally, as does this claimant. State ex rel. Pacific States Sec. Co. v. District Court, supra.

We find no prejudicial error in the record, hence the order and judgment are affirmed.