IN THE MATTER OF THE LAS VEGAS
HILTON HOTEL FIRE LITIGATION

INTERMOUNTAIN VETERINARY MEDICAL ASSOCIA-
TION, INC., A UTAH CORPORATION; SAVINGS PLUS
SYSTEMS, INC., A MISSOURI CORPORATION; KANNEY
MARKETING SERVICES, A DIVISION OF NEIL J.
KANNEY, INC., A FOREIGN CORPORATION; SPELTS-
BAILEY, INC., A NEBRASKA CORPORATION, FORMERLY
DOING BUSINESS AS UNITED BANK SERVICES CO.,
INC., A NEBRASKA CORPORATION; MEERMANS
ADVERTISING CO., INC., AN OHIO CORPORATION,
DOING BUSINESS AS MEERMANS ADVERTISING CO.,
FORMERLY KNOWN AS W. R. MEERMANS; FINAN-
CIAL PROGRAMS, INC., AN OHIO CORPORATION,
DOING BUSINESS AS J. FRANCIS WALSH COMPANY;
PATRICK R. CONWAY & ASSOCIATES, INC., A
MINNESOTA CORPORATION; SELECT BRANDS INDUS-
TRIES, INC., A KANSAS CORPORATION, DOING BUSINESS
AS SELECT AWARDS; STRATEGIC MARKETING,
INC., A MINNESOTA CORPORATION, APPELLANTS, v.
KIESLING-HESS FINISHING COMPANY; MARTIN
STERN, JR., AIA ARCHITECT, DOING BUSINESS AS
MARTIN STERN, JR., AIA ARCHITECT AND ASSO-
CIATES, A CALIFORNIA CORPORATION; SHAW INDUS-
TRIES, INC., A FOREIGN CORPORATION, DOING
BUSINESS AS PHILADELPHIA CARPET COMPANY;
GERRINGER CARPET SERVICE, INC., A NEVADA
CORPORATION; CLARK COUNTY, A POLITICAL SUBDIVI-
SION OF THE STATE OF NEVADA; DYNALECTRIC COM-
PANY OF NEVADA, A NEVADA CORPORATION, DOING
BUSINESS AS DYNALECTRIC-VEGAS VALLEY COM-
PANY; VEGAS VALLEY ELECTRIC, INC., A NEVADA
CORPORATION, DOING BUSINESS AS DYNALECTRIC-
VEGAS VALLEY COMPANY; UNITED AIR CONDI-
TIONING CORPORATION, A CALIFORNIA
CORPORATION; W. J. THOMPSON, INC.; PYRO-
TRONICS, A DIVISION OF BAKER INDUSTRIES, INC.,
KIDDE, INC.; ROBERT J. MUNRO, INC.; COHAMA;
RIVERDALE; BOB LENCH COMPANY INCORPO-
RATED; EDWARDS COMPANY, INC., A CONNECTICUT
CORPORATION; HONEYWELL, A DELAWARE CORPORA-
TION; MASTER PROTECTION ENTERPRISES, A FOR-
EIGN ENTITY, SUCCESSOR IN INTEREST TO CLARK
COUNTY FIRE EQUIPMENT, INC., RESPONDENTS.

No. 15613

September 10, 1985                    706 P.2d 137

*Daniel F. Polsenberg, Galatz, Earl & Catalano,* Las Vegas, for Appellants.

*Corby D. Arnold, P.C.,* Las Vegas, for Respondent Martin Stern, Jr., AIA Architect.

*Lyles and Austin,* Las Vegas, for Respondent Gerringer Carpet Service, Inc.

*Philip R. Byrnes, Sitter, Mayer & Mancuso,* Las Vegas, for Respondent Kiesling-Hess Finishing Company.

*Brown, Wells, Beller & Kravitz,* Las Vegas, for Respondent Shaw Industries, Inc. doing business as Philadelphia Carpet Company.

*Dickerson, Miles, Pico & Mitchell,* Las Vegas, for Respondent Clark County.

*Virgil R. Gentner, Chtd.,* Las Vegas, for Respondent Dynalectric Company of Nevada & Vegas Valley Electric, Inc.

*Keefer, O'Reilly & Haight,* Las Vegas, for Respondent W. J. Thompson, Inc.

*Erickson, Thorpe, Swainston & Cobb, Ltd.,* Reno, for Respondent Kidde, Inc.

*Bell & Young,* Las Vegas, for Respondents Cohoma and Riverdale.

*Law Offices of Paul C. Parraguirre,* Las Vegas, for Respondent Edwards Company, Inc.

*Goethals & Swanson,* Las Vegas, for Respondent Master Protection Enterprises successor in interest in Clark County Fire Equipment, Inc.

*Jeffrey Ian Shaner,* Las Vegas, for Respondent United Air Conditioning Corporation.

*T. Gregory Apocotos,* Las Vegas, for Respondent Pyrotronics.

*Law Office of Leland E. Lutfy,* Las Vegas, for Respondent Robert J. Munro, Inc.

*John Peter Lee, Ltd.,* Las Vegas, for Respondent Bob Lench Company Incorporated.

*Johnson, Pilkington & Reynolds,* Las Vegas, for Respondent Honeywell.

## OPINION

*Per Curiam:*

The Las Vegas Hilton Hotel Fire litigation is a series of consolidated cases filed as a result of a fire at the Las Vegas Hilton Hotel on February 10, 1981. Appellants, foreign corporate plaintiffs who allegedly suffered damages as a result of the hotel fire, appeal a motion for partial summary judgment, which was granted against them and in favor of respondents. In granting the summary judgment motion, the district court determined that the foreign corporations were not qualified to do business in Nevada, and thus could not commence legal actions in our courts. Appellants contend that merely attending a convention at the Hilton Hotel is not "doing business" in Nevada in the sense that requires qualifying as a prerequisite to suing in our courts. We agree.

Appellants are foreign corporations whose representatives were attending a convention in the Las Vegas Hilton on February 10, 1981, the day of the Hilton fire. As a result of damages allegedly incurred, the corporations sued the various defendants in our state court. Respondent Kiesling-Hess Finishing Company (Kiesling-Hess) moved for dismissal of appellants' claims on the basis that the foreign corporations had not qualified to do business in Nevada under NRS 80.010, and thus they were prohibited access to our courts under NRS 80.210. The other respondents

joined in the motion. The district court treated the motion as a motion for a partial summary judgment, and entered an order dismissing appellants' claims.

Summary judgment under NRCP 56 is appropriate only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, and where no genuine issue remains for trial. Short v. Hotel Riviera, Inc., 79 Nev. 94, 103, 378 P.2d 979, 984 (1963). In reviewing an order granting a summary judgment, we must consider all evidence in a light most favorable to the non-moving party. First Interstate Bank v. Green, 101 Nev. 113, 113-14, 694 P.2d 496, 497 (1985). The moving party has the burden of establishing that a summary judgment is proper. *Hotel Riviera,* 79 Nev. at 103, 378 P.2d at 984.

Under NRS 80.010, a foreign corporation "which enters this state for the purpose of doing business" must qualify in Nevada, by filing certain documents with the secretary of state, "before commencing or doing any business." If a foreign corporation "fails or neglects to comply" with all these provisions, under NRS 80.210, the corporation "shall not be allowed to commence, maintain, or defend any action or proceeding in any court of this state."

We have recognized that "[i]n enforcing such statutes," we must be "careful not to limit the rights of such corporations beyond the plain import of the language used in the statute." Lawler v. Ginochio, 94 Nev. 623, 625, 584 P.2d 667, 668 (1978) (quoting Scott v. Day-Bristol Consolidated Mining Co., 37 Nev. 299, 303, 142 P. 625, 626 (1914)).

We have previously interpreted these qualification statutes, determining that "a single piece of business in the state is not 'doing business' in the sense contemplated by the statute." Pacific States Sec. Co. v. District Court, 48 Nev. 53, 57, 226 P. 1106 (1924). In *Pacific States* we recognized that:

> It seems to be the consensus of opinion that a corporation, to come within the purview of most statutes prescribing conditions on the right of foreign corporations to do business within the state, must transact therein some substantial part of its ordinary business, which must be continuous in the sense that it is distinguished from merely casual or occasional transactions, and it must be of such a character as will give rise to some form of legal obligations. Hence it may be laid down as a *general rule that the action of a foreign corporation in entering into one contract or transacting an isolated business act in the state does not ordinarily constitute "the carrying on or doing of business" therein.*

*Id.* (citation omitted) (emphasis added).

Because merely attending a convention is certainly "an isolated business act," appellants were not "doing business" under NRS 80.010. Thus, appellants are not precluded from bringing this action in our state courts under NRS 80.210. We dismiss as unpersuasive respondents' assertion that appellants must have been "doing business" in Nevada because substantial damage is alleged in their complaint. We are equally unimpressed by respondents' argument that appellants failed to establish that they were *not* doing business in Nevada. Respondents apparently fail to recognize that, as the moving party in a summary judgment motion, they have the burden of establishing that the corporate entities were "doing business" in Nevada for purposes of the qualification statute. Our review of the record indicates no such showing.

Having failed to meet their burden, respondents were not entitled to a summary judgment. Accordingly, the order of the district court granting summary judgment in favor of respondents is reversed.[1]

---

[1]THE HONORABLE JUSTICE JOHN C. MOWBRAY voluntarily recused himself from consideration of this case.