FIELD & SLOCOMB *vs.* CONSOLIDATED MINERAL WATER CO.

PROVIDENCE—JULY 8, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Mechanics' Lien.    Architects.*

An architect who prepares plans and specifications for, and supervises and directs, the construction of the building is entitled to a lien, under the provisions of Gen. Laws cap. 206, for the labor expended both in the drawing and the supervision.

PETITION for mechanics' lien.    Heard and granted.

DOUGLAS, J  The petitioners, as architects, prepared plans and specifications for, and supervised and directed, the construction of certain buildings and fixtures therein for the respondents, and claim therefor the lien provided for in chapter 206 of the General Laws.

The parts of the statute which are material upon the question presented read as follows: "SECTION 1.  Whenever any building  .  .  .  shall be constructed  .  .  .  such building  .  .  .  together with the land  .  .  .  is hereby made liable and shall stand pledged for all the work done in the construction, erection, or reparation of such building  .  .  . and for the materials used in the construction, erection, or reparation thereof which have been furnished by any person," etc.

(1)     The great weight of authority, under substantially similar statutes, gives the lien to supervising architects both for the labor of supervision and the labor of preparing plans.  *Knight* v. *Norris*, 13 Minn. 473;  *Gardner* v. *Leck*, 52 Minn. 522;  *Wanganstein* v. *Jones*, 61 Minn. 262;  *Von Dorn* v. *Mengedoht*, 41 Neb. 525;  *Phœnix Furniture Co.* v. *Put-in-Bay*

*Hotel Co.*, 66 Fed. Rep. 683; *Mulligan* v. *Mulligan*, 18 La. Ann. 20; *Mutual Benefit L. I. Co.* v. *Rowand*, 26 N. J. Eq. 389; *Arnoldi* v. *Gouin*, 22 Grant's Chan. (Ottawa) 314; *Johnson* v. *McClure*, 62 Pac. Rep. (N. M.) 983, where the cases are reviewed. *Stryker* v. *Cassidy*, 76 N. Y. 50, 53.

In Pennsylvania an architect employed to make plans and supervise the construction in accordance therewith is entitled to a lien, *Bank of Penn'a* v. *Gries*, 35 Pa. St. 423; but one who furnishes plans alone and does not supervise is not entitled. *Price* v. *Kirk*, 90 Pa. St. 47; *Rush* v. *Able*, 90 Pa. St. 153.

In Nebraska a lien is given for merely furnishing plans. *Henry & Coatsworth Co.* v. *Halter*, 79 N. W. 616, 619.

In Iowa it has been held that an architect has no lien for furnishing plans if they are not used. *Foster & Libbie* v. *Tierney*, 91 Ia. 253.

In Illinois and Ohio it is doubted whether the lien will apply for plans if there is no supervision. *Taylor* v. *Gilsdorff*, 74 Ill. 354; *Phenix, etc.* v. *Hotel Co.*, 66 Fed. Rep. 683.

In *Mitchell* v. *Packard*, 168 Mass. 467, the court allowed an architect for the labor of supervising, but not for the labor of preparing the plans. The Massachusetts statute allows the lien for "labor performed or furnished . . . and actually used in the erection," etc. We think this construction stricter than the spirit of our statute requires. The statute is intended to afford a liberal remedy to all who have contributed labor or material towards adding to the value of the property to which the lien attaches. *Parker* v. *Bell*, 7 Gray, 432. The plans of the architect are written directions to the workmen, and contribute to the building as much as the verbal directions of the overseer. Indeed, the main task of the superintendent is to enforce compliance with the working plans. If the same plans may be preserved and used again elsewhere, so may the scaffolding which supports the builder at his work; but no one could doubt that the work of putting together such temporary adjuncts to the permanent structure should entitle the builder to his lien therefor. In a case like the present, where the architect draws the plans and uses them as his tools in the super-

vision of the work, we think he is entitled to a lien for the labor expended both in the drawing and the supervision. While the title of the statute reminds us that it was primarily intended to secure the mechanic only, its terms now include the material man, who does no work, and the drawing of plans is both mental and manual work.

*R. E. Lyman*, for petitioner.

*Barney & Lee*, and *Van Slyck & Mumford*, for respondents.