**ROOFING CONCEPTS, INC.**

v.

**Robert BARRY et al.**

v.

**Edward VENTETUOLO d/b/a E.L.V. Associates.**

**Nos. 88–28–M.P., 88–145–M.P.**

Supreme Court of Rhode Island.

June 15, 1989.

Patricia A. Buckley, Thomas W. Heald, Providence, for plaintiff.

Paul Ward, Marybeth Holland, Law Offices of Robert S. Bruzzi, Providence, for defendants.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court by way of two petitions for certiorari arising from an action to enforce a mechanic's lien pursuant to G.L.1956 (1984 Reenactment) chapter 28 of title 34. The defendant property owners, Robert and Judith Barry, claim that the trial justice erred in granting the plaintiff's motion to withdraw funds deposited in the registry of court by the defendants. The plaintiff-subcontractor, Roofing Concepts, claims that the trial justice erred in denying its motion to strike the defendants' third-party claim against their general contractor, Edward Ventetuolo, d/b/a E.L.V. Associates. We granted both petitions and ordered the two cases consolidated for briefing and argument. We now affirm both decisions below.

On January 9, 1987, Roofing Concepts, Inc., filed an action to enforce a mechanic's lien in the amount of $5,154, plus interest, for labor and materials provided for roofing and sheet-metal work performed on the business property known as R.E. Barry Pumps, Inc., owned by defendants. The defendants contracted for this work with Edward Ventetuolo, a general contractor. However, apparently without defendants' knowledge, the work was actually performed by plaintiff, who had been hired by Ventetuolo as a subcontractor. After completing the work, plaintiff billed the general contractor $5,154. When the general contractor failed to pay, plaintiff filed the present action to enforce a mechanic's lien against defendants' property.

In answering plaintiff's complaint, defendants alleged that they had already paid their general contractor's bill for $8,900 in full. To prevent the sale of their property, defendants moved for leave to pay $5,154. the amount claimed due by the subcontractor, into the registry of court pursuant to § 34-28-17. After completing the pleading and process stages of the action, defendants also filed a third-party complaint against the general contractor. The general contractor's answer and counterclaim alleged that defendants had never paid their bill in full and sought payment of $7,807.46 that was allegedly still owed.

It is important to note that the following facts are not disputed: (1) the work in question was actually performed, (2) the work performed was done by plaintiff, (3) the work was of acceptable quality, and (4) plaintiff has yet to be paid. Also noticeably absent from the record is any evidence of any written contract or proof of payment.

In the fall of 1987 plaintiff filed the two motions that are the basis for this appeal. The first motion requested that plaintiff be allowed to withdraw the funds deposited by defendants in the registry of court pursuant to § 34–28–17. The second motion sought to strike defendants' third-party action against the general contractor as improper under the provisions of § 34–28–16. Subsequently, plaintiff's motion to withdraw funds was granted, and its motion to strike defendants' third-party action was denied.

■ The Rhode Island mechanic's-lien law has long been construed to be a statute "intended to afford a liberal remedy to all who have contributed labor or material towards adding to the value of the property to which the lien attaches." *Field & Slocomb v. Consolidated Mineral Water Co.*, 25 R.I. 319, 320, 55 A. 757, 758 (1903)(as cited by *Art Metal Construction Co. v. Knight*, 56 R.I. 228, 247, 185 A. 136, 145 (1936), and *Kelley v. Dunne*, 112 R.I. 775, 778, 316 A.2d 341, 343 (1974)). In line with this principle and the facts giving rise to plaintiff's lien, we find that the trial justice's decision to release the funds was proper and well within his discretion.

■ Pursuant to § 34–28–17 the owner, lessee, or tenant of property against which a lien or liens have been filed may release the lien or liens by paying into the registry of court an amount equal to the sum total of the amounts claimed by all lienors. This same section also gives the court the authority to allow any person meeting certain prerequisite conditions to withdraw funds from the registry prior to a final determination by the court on which claims to allow. These prerequisites, put into place to protect the legitimate claims that may thereinafter be allowed by the court, state that the court may allow a withdrawal if (1) the person desiring to withdraw funds had a direct contract with the person who deposited the funds, (2) notice of the request to withdraw funds has been given to all parties, (3) there has been a hearing regarding the requested withdrawal, and (4) the person making the withdrawal has posted a bond equal to the amount to be withdrawn. Section 34–28–17.

In the present case two of these requirements, notice and hearing, were met. The defendants argue that because the remaining requirements, direct contract and bond, were not met, the trial justice erred in allowing plaintiff to withdraw the funds in the registry. The facts of this case make such a strict application of these requirements unnecessary. We find that the trial justice's decision to allow plaintiff to withdraw the funds was proper based on the intent behind the mechanic's-lien law. *See Field & Slocomb*, 25 R.I. at 320, 55 A. at 758.

The four prerequisites for withdrawal from the registry were created to protect the individual interests of lienholders in situations where the right to receive a portion of the money in the registry is disputed. No such dispute exists in the present case. The plaintiff-subcontractor was the sole lienholder and is the only party who has ever claimed a right to receive the funds deposited with the court. Furthermore, no one has ever challenged the fact that plaintiff performed the work, performed it properly, and has yet to be paid for that work. When the facts surrounding a lienholder's right to receive either all or part of the funds placed in the court registry are not in dispute, we find that it is properly within the trial justice's discretion to allow such a lienholder to withdraw an amount equal to that which is claimed in the lien. The language of the mechanic's-lien law should not be construed in such a manner as to eliminate the liberal remedy that the statute was intended to afford.

■ Next, plaintiff argues that the trial justice, through an erroneous application of both the Superior Court Rules of Civil Procedure and the mechanic's-lien law, improperly allowed defendants to implead their general contractor as a third-party defendant. In his argument plaintiff contends that defendants' general contractor is an inappropriate party to the proceedings both because the mechanic's-lien law makes no provision for such a party to be brought

into the proceedings and because he has no legal interest in the property that is the subject matter of the proceedings. We find these arguments to be without merit.

Although it is true that the mechanic's-lien law itself does not provide a mechanism for the impleading of third-parties in an action to enforce a mechanic's lien, neither the lien law nor the Rules of Civil Procedure, except for the limitations imposed by Rule 81, specifically preclude such a practice. *See* Super R. Civ. P. Rules 14(a), 81(a)(1), and § 34–28–16.[1] Except as provided for by Rule 81(a)(1), which bars the application of the rules to the pleading and process stages of an action to enforce a mechanic's lien, the Rules of Civil Procedure "govern the procedure in the Superior Court of the State of Rhode Island in all suits of a civil nature whether cognizable as cases at law or in equity * * * ." Rule 1. Under the rules a defendant may implead a third-party at any time, upon obtaining leave on motion to do so, if that party may be found liable to defendant for all or part of plaintiff's claim. Therefore, under our supervisory authority and our authority to devise a remedy when required, we find it appropriate and just that a party against whom a mechanic's lien is being enforced should be allowed to implead another party who is alleged to be wholly or partially responsible for the payment necessary to discharge the lien even though the mechanic's-lien law does not specifically provide for such impleader. We believe it is most desirable that all parties involved in a dispute be before the court in the same action. Accordingly we find that a defendant in a mechanic's-lien action may, after the pleading and process stages and after first obtaining leave on motion to do so, implead a third party who may be liable to the defendant for all or part of the plaintiff's claim. *See* Rule 14(a).

██ In this case we find that the general contractor was an appropriate party to be impleaded into these proceedings. The fact that this general contractor has no legal

interest in the subject property and cannot contest the plaintiff's claim on his own, *see* § 34–28–20, does not prevent him from being brought into these proceedings as a thirdparty defendant to indemnify the defendants for all or part of the plaintiff's claim. Rhode Island's mechanic's-lien law contemplates a broad variety of parties. As general contractors are often the sole link between a property-owner and a subcontractor, they will often become entangled in situations like the one before us. Their participation in these cases provides an important informational link between the parties that is often essential for the court to arrive at a just and proper decision without the delay, cost, and confusion that would accompany a more piecemeal approach to litigation involving mechanic's liens. Thus, we find that the defendants' general contractor was a proper party to be brought into this mechanic's-lien action and that the trial justice was properly within his discretion in allowing him to be added as a third-party defendant.

For the foregoing reasons both the plaintiff's and the defendants' petitions for certiorari are denied, the writs heretofore issued are quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.

**1.** General Laws 1956 (1984 Reenactment) § 34–28–16 provides the procedural rules for the process and pleading stages of mechanic's lien actions due to their exemption from the normal Rules of Civil Procedure pursuant to Super. R. Civ. P. 81(a)(1).