FEDERICI & ASSOCIATES

v.

Kenneth LANTINI et al.

No. 90–90–Appeal.

Supreme Court of Rhode Island.

May 2, 1991.

James V. Paolino, Warwick, for plaintiff.

Anthony Gallone, Providence, for defendants.

OPINION

FAY, Chief Justice.

This case comes before the Supreme Court on appeal by the plaintiff, Federici & Associates (Federici), seeking review of a Superior Court order granting a motion to dismiss of the codefendants Kenneth and Jeanine Lantini (hereinafter referred to jointly as the Lantinis). For the reasons set forth herein, we affirm the decision of the trial justice.

The facts relevant to this appeal are as follows. The Lantinis are owners of a parcel of land located in Glocester, Rhode Island. On July 19, 1988, the Lantinis entered into a purchase-and-sale agreement with codefendant First Company of Boston, Inc. (First Company), respecting said parcel. Paragraph 30 and paragraph 12 of the purchase-and-sale agreement provide as follows:

"30. BUYER shall, at BUYER'S own expense, retain an engineering firm to survey and determine the developable acreage of the subject premises. BUYER shall also pay the reasonable charges of another engineering firm if designated by SELLER to review the accuracy of BUYER'S engineer's determination of the amount of the developable acreage."

"12. BUYER and his servants and employees shall be entitled to reasonable access to the subject premises from the date of the execution of this agreement to conduct engineering tests, measurements and the like. BUYER agrees to indemnify and hold SELLER harmless from any loss or cost incurred by SELLER directly attributable to BUYER'S activities on the subject real estate pursuant this paragraph."

Pursuant to paragraph 30, First Company entered into an agreement with plaintiff to survey the real estate. The plaintiff completed the survey in February 1989 but never received payment.

On May 25, 1989, plaintiff filed a complaint in Superior Court, seeking to enforce a mechanic's lien against the subject property still owned by the Lantinis.[1] On June 22, 1989, the Lantinis filed a motion to dismiss. The trial justice granted defendants' motion, reasoning that because plaintiff entered into an agreement with and performed services for a potential purchaser of the property and not the actual owner, there was no statutory basis to maintain the action. The plaintiff appealed the trial justice's ruling to this court on November 15, 1989.[2]

The plaintiff raises two issues on appeal. The plaintiff first contends that the language contained in both paragraph 12 and paragraph 30 of the purchase-and-sale agreement should have been found to constitute written consent as required by the mechanic's lien statute. Additionally plaintiff avers that the trial justice failed to apply G.L.1956 (1984 Reenactment) § 34–28–7, which allows a surveyor to maintain a lien for work performed, even when such work is not visible. We disagree with plaintiff and consequently affirm the decision of the trial justice.

Because our analysis of plaintiff's second argument is essentially dispositive of this appeal, we shall consider it first. Section 34–28–1(a) provides:

"Improvements by consent of owner— Contracts barring enforcement of lien against public policy.—(a) Whenever any building, canal, turnpike, railroad or other improvement shall be constructed, erected, altered or repaired by oral or written contract with or at the oral or written request of the owner thereof, such owner being at the time the owner of the land on which the same then is, or by the husband of such owner with the consent of his wife, such building, canal, turnpike, railroad or other improvement, together with the land, is hereby made liable and shall stand subject to liens for all the work done by any person in the construction, erection, alteration or reparation of such building, canal, turnpike, railroad or other improvement, and for the materials used in the construction, erection, alteration or reparation thereof, which have been furnished by any person."

Pursuant to § 34–28–1(a), therefore, plaintiff must establish, first, that it "improved" the subject property and, second, that it did so either as a result of an oral or a written

---

1. It would appear from the record that codefendant First Company is bankrupt.

2. Because plaintiff's original petition was filed against First Company as well as against the Lantinis and no final judgment entered regarding First Company, this court ordered the parties to apply for certification as required by Rule 54(b) of the Superior Court Rules of Civil Procedure. That order having been complied with, we may now consider the merits of plaintiff's appeal and enter a final judgment.

**1204**

contract with the owner or as a result of an oral or a written request by the owner. The plaintiff relies upon § 34–28–7 in support of its argument that it did in fact improve defendants' property. Section 34–28–7 provides:

> "Lien of architect or engineer.—The lien, under §§ 34–28–1, 34–28–2 or 34–28–3, of any architect or engineer, or of any immediate or mediate subcontractor thereto, for work done prior to the actual and visible commencement, by excavation or otherwise, of such construction, erection, alteration or reparation, the result of which is used therein, shall be valid and enforceable under the provisions of this chapter if and only if a notice of intention provided for in § 34–28–4, be mailed and filed in accordance therewith by any such architect, engineer or such subcontractor thereto, such mailing to be before such actual and visible commencement, by excavation or otherwise, if such construction, erection, alteration or separation or within ten (10) days thereafter, and such filing to be within one hundred twenty (120) days after such mailing."

The plaintiff is correct in its assertion that § 34–28–7 clearly permits engineers to maintain mechanic's liens for labor extended in performing surveys in accordance with § 34–28–1. Section 34–28–7, however, also states that in order to maintain a valid lien for preconstruction services, the work must actually be used in the construction of the project. *See also Field & Slocomb v. Consolidated Mineral Water Co.*, 25 R.I. 319, 55 A. 757 (1903) (architect who prepared plans for and supervised construction of a building was allowed to establish a lien for both plans and supervision). This court recently held that we shall not construe the mechanic's lien statute "so broadly as to extend a remedy to a claimant who has not first brought itself clearly within the terms of the statute." *Logan Equipment Corp. v. Profile Construction Co.*, 585 A.2d 73, 74 (R.I.1991).

In compliance with the purchase-and-sale agreement, plaintiff was hired by the potential buyer of the property to determine the number of possible subdivisions. The sale, however, was never completed, and consequently the subdivision, as well as any future construction that would have resulted therefrom, was never commenced. Given these facts, we find that the work done by plaintiff does not fall within the parameters of § 34–28–7, thus prohibiting plaintiff from enforcing a mechanic's lien under § 34–28–1.

Because we have found that the plaintiff failed to establish the first requirement of § 34–28–1, improvement of the subject property, it is not necessary to address whether the language contained in the purchase-and-sale agreement amounts to a "written request" by the owner.

Accordingly, for the reasons stated herein, the plaintiff's appeal is denied and dismissed, the order appealed from is affirmed, and the case is remanded to the Superior Court.