**ANTHONY & ASSOCIATES, DIVISION OF LAND USE SPECIALISTS, INC.**

v.

**Vera A. MULLER.**

**No. 91–47–Appeal.**

Supreme Court of Rhode Island.

Nov. 22, 1991.

John J. Kupa, Jr., North Kingstown, for plaintiff.

James P. Flynn, North Kingstown, for defendant.

## OPINION

**PER CURIAM.**

This case came before the court for oral argument on November 4, 1991, pursuant to an order directing the defendant, Vera A. Muller (Muller), to show cause why her appeal should not be summarily denied and dismissed. Muller appeals from a Superior Court order denying her motion for involuntary dismissal of the plaintiff's petition for a mechanics' lien. For the following reasons we sustain the defendant's appeal and reverse the decision of the trial justice.

On or about April 29, 1988, the parties entered into a written agreement under which plaintiff, Anthony & Associates, Division of Land Use Specialists, Inc. (Anthony & Associates), was to provide engineering and architectural services to Muller. Between April 29, 1988, and approximately August 18, 1989, Anthony & Associates provided services including survey, design and preparation of a plan for the subdivision of defendant's property. The defendant subsequently submitted the plan to the Town of Exeter Planning Board, which rejected the subdivision.

Anthony & Associates was not paid for its services, and on September 1, 1989 it filed a notice of intention to claim a mechanics' lien on defendant's proposed subdivision pursuant to G.L.1956 (1984 Reenactment) § 34–28–4, as amended by P.L.1989, ch. 189, § 1. On October 11, 1989, plaintiff filed a notice of lis pendens and a petition to enforce the mechanics' lien under § 34–28–10.

At the trial defendant filed a motion for involuntary dismissal of plaintiff's mechanics' lien. The motion was denied, and the trial justice awarded damages totaling $26,-

357.65 plus interest to plaintiff. The defendant appeals from the denial of her motion for involuntary dismissal.

At issue is whether the performance of surveying field work in preparation of a plan for a property subdivision conforms with the language of § 34–28–7. Section 34–28–7 provides:

"Lien of architect or engineer.—The lien, under §§ 34–28–1, 34–28–2 or 34–28–3, of any architect or engineer, or of any immediate or mediate subcontractor thereto, for work done prior to the actual and visible commencement, by excavation or otherwise, of such construction, erection, alteration or reparation, the result of which is used therein, shall be valid and enforceable under the provisions of this chapter if and only if a notice of intention provided for in § 34–28–4, be mailed and filed in accordance therewith by any such architect, engineer or such subcontractor thereto, such mailing to be before such actual and visible commencement, by excavation or otherwise, if such construction, erection, alteration or separation [*sic*] or within ten (10) days thereafter, and such filing to be within one hundred twenty (120) days after such mailing."

In sustaining defendant's appeal, we find our decision is controlled by this court's recent opinion in *Federici & Associates v. Lantini,* 589 A.2d 1202 (R.I.1991). In *Federici* the plaintiff engineering firm was hired by a potential buyer of property to determine the possible number of subdivisions of the property. The sale was never completed, and consequently, the subdivision was never commenced. In holding that the engineering company was not entitled to enforce a mechanics' lien in these circumstances, we determined that preconstruction services for construction work that is never commenced does not fall within the parameters of § 34–28–7. We stated that in order to maintain a valid lien for preconstruction services, "the work must actually be used in the construction of the project." 589 A.2d at 1204.

We find that the *Federici* analysis applies to the instant case. The plaintiff performed preconstruction services on behalf of the defendant, but the defendant never commenced construction of the property. Once the Town of Exeter Planning Board rejected the defendant's proposed subdivision, the defendant did not initiate the physical development of the property. Accordingly, the defendant never "commenced construction," and the plaintiff is not entitled to employ the mechanics' lien statute. The plaintiff's appropriate remedy is in contract.

For the reasons stated, the defendant's appeal is sustained, and the order appealed from is reversed. The case is remanded to the Superior Court with instructions to grant the defendant's motion for involuntary dismissal of the plaintiff's petition to enforce a mechanics' lien.