MYLES P. FLAHERTY
ASSOCIATES, INC.

v.

Arthur S. RUSSO et al.

No. 95–534–Appeal.

Supreme Court of Rhode Island.

Dec. 3, 1996.

Thomas W. Heald, Myles C. Beltram, Providence, for Plaintiff.

Donald Lembo, North Providence, for Defendant.

**OPINION**

PER CURIAM.

This matter came before a hearing panel of this Court for oral argument on October 15, 1996, pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. The appeal should be summarily decided.

This is an appeal from a final judgment entered by a justice of the Superior Court after decision rendered upon a stipulation of "agreed upon facts" submitted by the parties. The petitioner Myles P. Flaherty Associates, Inc., is in the business of selling steel products and materials in Wilmington, Massachusetts. One of its customers was Steel Roof Systems, formerly doing business at 120 Fletcher Avenue, Cranston, Rhode Island. The respondents are Arthur S. Russo and his wife, Barbara (Russos), the owners of property located on Charles Street in North Providence.

Sometime prior to August 21, 1990, the Russos purchased 1.6 tons of steel joists and accessories described as "bundle bridging" and "straps" from Steel Roof Systems. The Russos intended to use the materials purchased to construct a roof on a building located on their property. The Russos were billed for the materials by Steel Roof Systems and paid the full amount billed.

On August 21, 1990, the materials were delivered to the Russos' property by Harris Transport Company of Monroe, North Carolina. The delivery receipt contained no reference to Myles P. Flaherty Associates, Inc. The Russos, having purchased the materials from Steel Roof Systems and having paid Steel Roof Systems the full amount of the cost of the materials, then proceeded to use the materials in the construction of a roof on their building.

Some two months later, on October 23, 1990, the Russos received by mail a copy of a mechanic's lien notice concerning the materials they had earlier purchased and paid for at Steel Roof Systems. The following day

the original of the mechanic's lien notice was recorded in the Land Evidence Records for the town of North Providence. On December 19, 1990, Myles P. Flaherty Associates, Inc., filed a notice of lis pendens in the North Providence Land Evidence Records office. On the same day a petition to enforce the mechanic's lien was filed in the Providence County Superior Court and was thereafter duly advertised in the Providence Journal.

Citations in the Superior Court mechanic's lien proceeding were issued and served on the respondents as required by the mechanic's lien statute, G.L.1956 chapter 28 of title 34. On March 22, 1994, the case was reached for trial before Justice Mark Pfeiffer in the Superior Court, sitting without a jury, and the parties agreed that the matter could be heard and determined upon a "stipulation of agreed upon facts" and counsels' memoranda.

On August 1, 1994, the hearing justice in his decision found that Myles P. Flaherty Associates, Inc., as a supplier of materials, could not perfect a mechanic's lien on the Russo property because of the lack of privity by contract between the Russos and Myles P. Flaherty Associates, Inc.

The trial justice, in addition, found that the only contract that existed with regard to the purchase and sale of the materials was between the Russos and Steel Roof Systems. Although privity of contract is not required in order to invoke the assistance of our mechanic's lien law, it is required, however, that the owner of the property must agree with the supplier of the materials to furnish or to deliver same to be used for purposes of improving the owner's property. *Federici & Associates v. Lantini*, 589 A.2d 1202, 1203–04, (R.I.1991). In this case, even though the trial justice misconceived the privity issue discussed in *Tilcon Gammino,*

*Inc. v. Commercial Associates*, 570 A.2d 1102 (R.I.1990), his ultimate dismissal of the petition to enforce the instant mechanic's lien was proper and is without error. *Costa v. Gagnon*, 455 A.2d 310, 313 (R.I.1983).

In this case the Russos, as noted in the "agreed statement of facts," had no knowledge of the existence of Myles P. Flaherty Associates, Inc., or that Steel Roof Systems was purchasing its materials from petitioner. In fact, as also agreed to by the parties, the materials were delivered to the Russos' property by Harris Transport Company of Monroe, North Carolina. The agreed statement of facts establishes that the circumstances present in this case do not meet the requirements of § 34–28–1(a) since there was never any agreement, either oral or written, made by the Russos with anyone to construct any improvement on the land owned by them, since at all times they intended to, and did, construct the improvements themselves.

Although the lyrics used by the trial justice did not apply to the statute's strictly orchestrated mechanic's lien music sheet, the melody was, however, clearly recognizable to the trial justice as well as to the panel of this Court.

Myles P. Flaherty Associates, Inc.'s appeal is therefore denied and dismissed, the judgment of the Superior Court is affirmed, and the papers in this case are remanded to that court.

FLANDERS, J., did not participate.