DECISION
Before the Court is a motion by Richard Abbate, et al., (Defendant), seeking to dismiss or dissolve a mechanic's lien filed by P.D. Humphrey (Plaintiff). Procedurally, the instant motion is framed as a motion for summary judgment. Plaintiff has filed an objection to the Defendant's motion for summary judgment. Jurisdiction is pursuant to G.L. §34-28-16.2 and Rule 56 of the Rhode Island Rules of Civil Procedure.
The facts pertinent to the instant case are as follows. In the year 2001 Defendant entered into a contract with Henderson Construction (Henderson), whereby the latter was to construct a residential dwelling on property owned by Defendants and located at 4 Kings Grant, Portsmouth, Rhode Island. Ostensibly pursuant to the agreement, Defendants released certain funds to Henderson in order to purchase supplies and otherwise provide for construction costs. Defendants also allocated these funds, presumably, for the hire of subcontractors which Henderson was to employ.
After having received these funds, although somewhat unclear from the record, Henderson employed Plaintiff to provide building materials. A series of transactions took place, whereby Plaintiff supplied building materials to the Defendant, to be used for the development of the home. Henderson, thereafter, either refused or was unable to make sufficient payments to the Plaintiff for the materials supplied. Plaintiff pursuant to § 34-28-1 et seq. then filed a mechanic's lien against defendant's property.
In accordance with § 34-28-4, Plaintiff filed a notice of intention to claim a lien against defendant's property. Said statute requires that any person entitled to a mechanic's lien file notice of the lien in the records of the town where the property is located and send notice of intention to claim such a lien to the property owner. Additionally, notice to the property owner must be filed before or within one hundred twenty (120) days after the last date of furnishing the materials for which the lienor seeks payment.
In attempting to comply with the mandates of the statute, Plaintiff sent timely notice to Defendants of the intention to claim the lien. Said notice was sent by certified mail to defendant's project address and subsequently to the residential address. The notice of intention was also filed in the appropriate town Registry of Deeds; however, said notice did contain some minor procedural defects which will be described post.
Plaintiff thereafter filed a petition to enforce the lien as well as a lis pendens notice as is required pursuant to § 34-28-10. The lis pendens notice did not specifically list the relationship of the Defendant to the subject land, although the name of the Defendant appeared in the upper left hand corner. Furthermore, the lis pendens notice contained a different dollar amount than the petition to enforce the lien. Defendant now seeks to dissolve or dismiss Plaintiff's lien on several procedural grounds. First, Defendants aver that Plaintiff failed to comply with § 34-28-4 in that notice to Defendant was sent to an improper address, namely the project address before eventually being sent to the residential address. In addition, Defendant claims that § 34-28-4 was not satisfied because an original, rather than a "copy" of the notice of intention was filed in the records of land evidence. Also related to § 34-28-4, Defendant argues that the notice of intention was defective because it listed the wrong party to whom materials were furnished, namely, Henderson Construction, rather than Frank Henderson. Defendant's final argument in relation to § 34-28-4 concerns the fact that while the notice of intention was executed under oath, a subsequent amendment to a monetary figure was not notarized.
Defendants next contend that notice of the lis pendens, as required by §§ 34-28-10; 34-28-11, was improper because it failed to contain the relationship that the person against whom the lien is being asserted bears to the land in question. Also, Defendants aver that the monetary amount asserted in the Notice of Lis Pendens is not the same amount claimed in the Petition to Enforce Mechanic's Lien as required by §34-28-11(a)(3); § 34-28-13.
Conversely, Plaintiff contends that any and all notice to Defendants substantially complied with the requirements of § 34-28-4 and §§34-28-10; 34-28-11; 34-28-13 and any deficiencies therein were not fatal to their claim.
 Standard Super. R. Civ. Proc. 56 empowers a trial justice, upon proper motion, to enter summary judgment in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Thus in a proceeding for summary judgment, the court must "examine the pleadings and affidavits in the light most favorable to the nonmoving party to decide whether an issue of material fact exist[s] and whether the moving party [is] entitled to summary judgment as matter of law." Buonnanno v. Colmar Belting Co., Inc.,733 A.2d 712, 715 (R.I. 1999) (citing Textron, Inc. v. Aetna Casualty andSurety Co., 638 A.2d 537, 539 (R.I. 1994)). The party opposing a motion for summary judgment may not merely rely upon mere allegations or denials in his or her pleadings. Small Business Loan Fund v. Loft, 734 A.2d 953,955 (R.I. 1998) (citing Bourg v. Bristol Boat Co., 705 A.2d 969, 971(R.I. 1998)). Rather "[a] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material fact and cannot rest on the allegations or denials in the pleadings or the conclusions or on legal opinions." Macera Brothersof Cranston, Inc. v. Gelfuso Lachut, Inc., 740 A.2d 1262, 1264 (R.I.1999) (citing Manning Auto Parts, Inc. v. Souza, 591 A.2d 34, 35 (R.I.1991)). If the opposing party cannot establish the existence of a genuine issue of material fact, summary judgment must be granted. Grande v.Almac's, Inc., 623 A.2d 971, 972 (R.I . 1993).
 Analysis 
The advent of the Rhode Island Mechanics Lien Law was designed to "prevent unjust enrichment of one person at the expense of another." ArtMetal Construction Co. v. Knight, 56 R.I. 228, 246, 185 A.136, 145 (1936). The inherent purpose of the law was, and is, to provide a "liberal remedy to all who have contributed labor or materials toward adding to the value of the property to which the lien attaches." Fieldand Slocomb v. Consolidated Mineral Water Co., 25 R.I. 319, 320, 55 A. 757, 758 (1903). While the law is in derogation of common law and must, therefore, be strictly construed, Art Metal Construction Co., supra, at 246, 185 A. at 144, our Supreme Court has held that the legislative intent of providing such a remedy to all lien holders should be carried out. Field and Slocomb, supra.
While certain portions of the Mechanics' Lien Law have never been construed as concise and unambiguous, the Legislature has nevertheless set forth several requirements which must be satisfied prior to any lien being perfected. The lienor is first required to satisfy the notice of intention to claim the lien requirements of § 34-28-4. Thereafter, the lienor is required to file a petition to enforce the lien. The statute also provides that the lien of any person who fails to satisfy the necessary requirements, as set forth within the specified time period shall be void and wholly lost. Recently, the Supreme Court held that those seeking to attach a lien must comply strictly with the mandatory
directives of the statute. Pezzuco Construction, Inc. v. MelroseAssociates, L.P., 764 A.2d 174 (R.I. 2001). Specifically, the Court inPezzuco found that failure to file in the record of land evidence notice of lis pendens within 120 days of the filing of the notice of intention to claim a lien, resulted in the lien being void and wholly lost. Id. at 177; § 34-28-10. Moreover, the Court held that failure to establish that the notice of intention was sent by certified mail resulted in the lien being void and wholly lost as well. Id.; § 34-28-4. The aforementioned holding was based on the clear, unequivocal, and mandatory language of §§ 34-28-4; 34-28-10, which unambiguously provides that liens "shall be void, and wholly lost" if a party fails to fulfill the two aforementioned requirements. As such, this Court, when deciding whether or not to enforce a lien, is bound by the clear and unambiguous language of the mechanics lien statute; however, by negative implication, where the statute expresses requirements that are less than clear and unambiguous, the Court will abide by the proposition set forth in Faraone v. Faraone, 413 A.2d 90, 92 (R.I. 1980), which provides that:
 "Even though [the mechanics' lien statute] is in derogation of the common law and therefore calls for strict compliance with its requirements. . .it nonetheless should be construed to carry out its purpose of . . .affording a liberal remedy to all who have contributed labor or material towards adding to the value of the property to which the lien attaches." Id. at 91.
This Faraone rule of construction will aid the Plaintiff in the case at bar if they have strictly complied with the mandatory statutory directives and yet perhaps deviated slightly from those statutory requirements that are not unequivocally mandatory. Indeed, if that is the case, any minor deviations will not be rendered fatal to the process of perfecting a mechanic's lien. See Gustafson and Sons, Inc. v. Walek,599 A.2d 730 (R.I. 1991). The question then becomes whether or not a lien is "void and wholly lost" for failure to comply with the provisions that Defendant has raised. The answer to this question will be found within the rubric of §§ 34-28-4; 34-28-10; 34-28-11; 34-28-13.
The Defendant first contends that Plaintiff failed to comply with the procedural requirement of notice pursuant to § 34-28-4. In particular, Defendant asserts that § 34-28-4 requires the notice of intention to be mailed to the Defendant at their "last known residence or place of business" or if that address is not ascertainable, the mailing shall be sent to the address of the land. Plaintiff contends that substantial compliance with this requirement was met. Defendants contend that the address listed on the notice of intention was the project address and not their last known address, hence causing the lien to be void and wholly lost based on the clear language of the statute. Consequently, Defendants claim that this procedural defect is fatal to Plaintiff's lien. This Court disagrees.
At the outset, it is necessary to describe why a court will impose the extreme remedy of voiding the lien if the notice of intention is not sent to the last known address of the owner. Section 34-28-4 provides in pertinent part: ". . .all liens claimed. . .shall be void and wholly lost. . .unless. . .notice of intention. . .[is mailed] to the last known residence. . . ." Based on the recent holding in Pezzuco, this Court is bound by the clear and mandatory language of the aforementioned section. Therefore, while Defendant is correct in asserting that the statute (§ 34-28-4) must be strictly construed according to its mandatory language, there is a basic factual dispute in this case as to whether Defendant's residential address was technically the "last known address" and whether the residential address was "ascertainable" at the time Plaintiff sent notice to the project address. This factual dispute precludes the entry of summary judgment, although this Court notes that mailing the notice of intention to claim the lien to an address other than one allowed under § 34-28-4 would result in Plaintiff's claim being void and wholly lost pursuant to the clear and unambiguous language of § 34-28-4. See e.g. Pezzuco.[1]
Next, and also based on § 34-28-4, Defendant contends that Plaintiff's failure to file a "copy" of the notice of intention in the records of land evidence results in the lien being void and wholly lost. In actuality, it appears from the record that a duplicate of the original was filed, rather than a copy that one would expect to receive from a copy machine. On this account, while still acknowledging that the lien is void and wholly lost if a copy is not filed, this Court finds that no substantial prejudice to Defendants occurred as a result of Plaintiff filing a duplicate original rather than a copy. Either document sufficiently supplies a reproduction, and therefore, is in compliance with the strict mandate of the statute.
Defendants next rely upon a similar argument, pursuant to § 34-28-4, to dissolve Plaintiff's claim. Pursuant to the statute, the notice of intention to claim lien must contain "the name and address of the person . . .to whom directly the materials have been furnished." §34-28-4(b)(4). In the present case the notice of intention does list the party to whom the materials were furnished, namely, Henderson Construction. Defendant contends that at the time the materials were furnished, Frank Henderson had lost his status as a corporation, and he henceforth became Frank Henderson. While strict compliance with the stature is certainly required, this Court finds it difficult to imagine how such a minor and insignificant technical error could ever result in a lien being void and wholly lost. This is not a technical error such as completely failing to list the party to whom materials were furnished and it plainly did not prejudice Defendant in any way. Accordingly, this minor procedural nuance will not be construed as included within the mandatory language of the statute. Furthermore, this issue presents factual determinations, based on what title the Defendant held when materials were furnished. As such, the procedural issue that Defendant raises with respect to the party who received the materials is not sufficient to void the lien.
Closely related to the aforementioned argument, Defendant seems to allege that the notice of intention should have been filed on behalf of Humphrey Building Center rather than P.D. Humphrey Co., Inc., as it was allegedly the former that delivered materials and not the latter. This Court finds little merit in such a subtle distinction, and this issue would furthermore seem to present a factual determination, thereby precluding the entry of summary judgment.
Defendants next rely upon another argument related to § 34-28-4. In short, it is Defendant's position that the failure to execute an amendment to a monetary figure under oath is fatal to enforcement of the lien. Said figure was contained within the language of the notice of intention, and later, a handwritten correction was made and initiated. Again, it is difficult to discern any articulable prejudice as a result of this miniscule deficiency. This court finds that strict compliance with the oath requirement would work substantial injustice upon Plaintiff while at the same time operating as a technical inconvenience upon both parties.
Defendant's next argument is based on § 34-28-10, which provides that a lien is void and wholly lost "unless such person shall. . . file in the records of land evidence. . .a notice of lis pendens, described in § 34-28-11. . . ." Following the aforementioned provision to §34-28-11, that section, in pertinent part, provides that the notice of lis pendens shall contain "the relationship of the person to the land upon which. . . the improvement is being or has been constructed. . . ." § 34-28-11(a)(1). Defendant contends that if this relationship is not clearly expressed on the notice of lis pendens, the lien is void and wholly lost. This argument is misplaced for two reasons. First, while § 34-28-10 does mandate the filing of a lis pendens, it cannot be said that the statute mandates the nullification of the lien if the lis pendens is not in the exact form as set forth in § 34-28-11. The result that Defendant wishes to implement seems to be a very tenuous extension of the "void and wholly lost" language of § 34-28-10. This Court is of the opinion that while a notice of lis pendens must be filed, it will not necessarily void the lien if the notice of lis pendens is not in the exact form as prescribed by § 34-24-11. Second, it seems that the notice of lis pendens in this case does in fact contain the relationship of the person to the land in question. The notice expressly listed the name of the owner and although it did not specifically list the person as the owner in the technical sense, this Court finds it difficult to imagine what the other inference could possibly be drawn. Moreover, this question borders on the determination of fact that cannot be properly resolved pursuant to a motion for summary judgment.
Defendants lastly seek dissolution of the claim based upon the fact that pursuant to § 34-28-13, a petition to enforce the lien "shall set forth the particulars of the account or demand for which the petitioner claims a lien including the amount claimed. . . ." Defendant argues that based upon this language, the petition must clearly set forth the amount claimed. Consequently, Defendant argues that the petition in the case at bar is deficient because the amount claimed is a different figure than that contained in the notice of intention and the notice of lis pendens. In considering the Defendant's argument, this Court finds a lack of language within the ambit of § 34-28-13, which would require coinciding monetary figures amongst the notice of intention, petition to enforce, and the notice of lis pendens. Furthermore, the record in this matter presents a factual dispute as to the precise manner in which the figures were calculated. As such, this Court finds that Defendant's argument is misplaced in relation to the subject statute.
This Court finds, therefore, that in applying the mandatory language of the mechanic's lien statute, Defendants have failed to demonstrate any deficiencies that as a matter of law would result in the subject lien being void and wholly lost. Where this Court does find that certain deficiencies would result in the lien being void and wholly lost, there exist factual disputes in these areas that preclude the entry of summary judgment. Furthermore, this Court notes that the facts before it are ultimately distinguishable from the facts of Pezzuco, and while this Court heeds the language of Pezzuco requiring that the mandatory language of the statute be strictly construed, nothing presented in the record indicates a deficiency that would nullify the present lien as a matter of law. Accordingly, for the reasons herein above, Defendant's motion for summary judgment is denied. Counsel shall prepare an order.
[1] The record seems to indicate that Defendant had actual notice of the notice of intention, despite the allegation that it was not sent to the last known residential address. Strangely, such actual notice would not seem to override the procedural deficiency under the recent holding inPezzuco.